## JOSEPH McPHERSON, impleaded, etc.,
### *v.*
## CHARLES M. L. WALKER.

1. TENDER *of property sold—when not necessary.* On a contract of sale of a quantity of oats, to be delivered at the buyer's option within a certain specified time, if prior to the expiration of that time the purchaser informs the seller that he will not accept the oats within such time, that is a waiver of the necessity of a tender of the oats by the seller.

40    371
28a  191
40b  371
152   83
40b  371
55a  460
40b  371
80a  670
40b   371
97a  ²641
40    371.
Case 2
111a  ¹610

2. The rule is, if one bound to perform a future act, before the time for doing it declares his intention not to do it, this, of itself, is no breach of the contract; but, if his declaration be not withdrawn when the time arrives for the act to be done, it constitutes a sufficient excuse for the default of the other party.

APPEAL from the Superior Court of Chicago; the Hon. JOHN A. JAMESON, Judge, presiding.

This was an action of assumpsit brought in the court below by Charles M. L. Walker against Joseph McPherson and Elias B. Stiles. The ground of the action is in all respects similar to that alleged in the case of *McPherson* v. *Gale, ante,* p. 368.

A trial resulted in a verdict and judgment for the plaintiff. The defendant McPherson appealed. The opinion of the court contains a sufficient statement of the case.

Messrs. SCATES, BATES & TOWSLEE, for the appellant.

Messrs. MILLER, VAN ARMAN & LEWIS, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This record shows also, a contract by the same purchaser, Joseph McPherson, by his agent, E. B. Stiles, of 5,000 bushels of oats, of Charles M. L. Walker, the delivery of the oats to be in the same month of March, 1865. The cause was argued in connection with the two preceding cases, but it turns upon a different question.

The only question of importance is, as to the propriety of plaintiff's first instruction. It was as follows:

"If the jury believe that, on or about the 28th day of February, 1865, the plaintiff agreed with the defendants to sell, and the defendants by their agents agreed to purchase of the plaintiff 5,000 bushels of oats, to be delivered at defendants' option during the month of March following, and that the defendants failed during the whole of the said month of March, to call for and demand said oats, and if the jury further believe from the evidence that a few days prior to the 31st day of said March, the agent of the defendants met the plaintiff and at

that time informed the plaintiff that the defendants would not accept the oats on the said 31st day of March, or before that time, or gave the plaintiff so to understand, then an offer or tender of the oats by the plaintiff is excused, and the jury must find for the plaintiff."

This instruction was excepted to by the defendant.

We are of opinion, the law is correctly laid down in this instruction.

The proof shows that near the close of the month of March, a few days before the 31st, defendant's agent had an interview with the plaintiff and notified him that his principal had not provided him with the funds to pay for the oats. And it is further in proof, that on the 31st day of March, this agent of defendant was absent from his office during a great portion of that day, leaving no one there to receive the oats if offered. The defendant made no demand of the oats, and though occupying the "*locus penitentiæ*," never retracted the statement made by the agent, of their inability to perform the contract and receive the oats.

We think this waived the necessity of a tender of the oats.

The rule is, if one bound to perform a future act, before the time for doing it declares his intention not to do it, this, of itself, is no breach of his contract; but if this declaration be not withdrawn, when the time arrives for the act to be done, it constitutes a sufficient excuse for the default of the other party. 2 Parsons on Cont. 188; *Hochster* v. *De Latour*, 20 L. & Eq. 157; *Crist* v. *Armour*, 34 Barb. 378.

There being no error in the record, the judgment is affirmed.

*Judgment affirmed.*