CHARLES R. JONES

*v.*

WARREN NOEL *et al.*

*Filed at Ottawa October 31, 1891.*

1. CHATTEL MORTGAGE—*made after maturity of notes—extending the time of payment.* A chattel mortgage was given to secure six promissory notes, all of which were past due, except one, which fell due about two months after the date of the mortgage. The mortgage provided that if the mortgagors should, on or before two years from its date, well and truly pay their respective notes, (describing them,) then the mortgage should become void : *Held,* that this provision in the mortgage did not extend the time of payment of the notes, and that the failure of the mortgagee to take possession of the chattels upon default of payment of the note last falling due, rendered the transaction fraudulent as to creditors of the mortgagors.

2. SAME—*possession of chattels by mortgagor, after maturity—fraud per se.* Where the mortgagor is allowed to retain possession of the chattels after the maturity of the notes secured by the mortgage, such possession will be considered fraudulent as to creditors and purchasers.

·of the mortgagor; and evidence of an outside agreement to extend the time of payment is not admissible in aid of the mortgage, as no collateral agreement between the mortgagor and mortgagee can make the continued possession of the mortgagor consistent with the mortgage.

3. Although a chattel mortgage may authorize the retention of the possession of the property by the mortgagor, the mortgagee, upon default of payment of the notes secured, must change the possession of the chattels to himself within a reasonable time thereafter, and a failure to do so is a fraud *per se,* not subject to explanation.

4. The indebtedness described in a chattel mortgage can not be due in the sense that the creditor may enforce its collection, and, at the same time not due, for the purpose of justifying him, as mortgagee, in leaving the mortgaged chattels in the possession of the mortgagor.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. THOMAS M. SHAW, Judge, presiding.

Messrs. JUDSON & STARR, and Messrs. HOPKINS & HAMMOND, for the appellant:

Parol evidence was competent to show that the consideration of the chattel mortgage was the extension of the time of payment of the notes.   *McKinter* v. *Babcock,* 26 N. Y. 378; *Kane* v. *Cortesy,* 100 id. 139; *Morris* v. *Tillson,* 81 Ill. 607; *Combs* v. *Bradshaw,* 6 Bradw. 123; *Goodheart* v. *Johnson,* 88 Ill. 58; *Kaysing* v. *Hughes,* 64 id. 123.

The notes and mortgage are to be construed together, and may supplement each other.   Jones on Mortgages, sec. 351; `Newhouse` v. *Olson,* 22 Neb. 717.

Messrs. McCULLOCH & McCULLOCH, and Messrs. RICE & RICE, for the appellees.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

On the 22d day of June, 1887, John Jones and James H. ·Starr executed and delivered to appellant a chattel mortgage ·on the property involved in this suit, the condition of which was as follows:  "*Provided, nevertheless,* that if the said mort-

gagors, their executors or administrators, shall, on or before two years from date of this mortgage, well and truly pay unto the said mortgagee, his executors, administrators or assigns, as follows, their respective notes, of the dates and amounts as follows: one note, March 10, 1886, for $550, due in one year; one note, June 13, 1886, due on or before June 13, 1887, for $550; one note for $550, August 17, 1886, due on or before August 17, 1887, all bearing eight per cent interest from date, and signed James H. Starr; and one note of March 13, 1886, for $500, due one year; one of March 22, 1886, for $500, due one year; one of $500, dated May 5, 1886, due in one year, each bearing eight per cent interest from date, and signed John Jones and James H. Starr,—then this mortgage is to be void, otherwise to remain in full effect." It was also provided that the mortgagors should retain possession of said goods and chattels "until they or their executors, administrators or assigns shall make default in the payment of the said sum of money above specified, either in principal or interest, at the time or times and in the manner hereinbefore stated; and the said mortgagors hereby covenant and agree that in case default shall be made in the payment of the notes aforesaid, or any part thereof, or the interest thereon, on the day or days, respectively, on which the same shall become due and payable," then the mortgagee was to have the right to take immediate possession of said property, and sell the same, etc. Within two years after the execution of the mortgage, but several months after the maturity of the last promissory note described therein, the mortgaged goods still remaining in the possession of the mortgagors, appellee Noel seized them under a landlord's warrant, issued by appellee Julia M. Ballance, for rent due her from the mortgagors. Thereupon appellant brought this action of replevin for said goods, claiming them under his said chattel mortgage. A trial in the circuit court of Peoria county, a jury being waived, resulted in a judgment

for appellees, which has been affirmed by the Appellate Court for the Second District.

The trial court held, on propositions of law, that by the terms of said mortgage the debt thereby secured matured with the maturity of the note falling due August 17, 1887, and that permitting the mortgaged property to remain in the possession of the mortgagors for a period of five months after the maturity of that note was a fraud on the part of the mortgagee as to other creditors of the mortgagors; that nothing appeared in the mortgage to show that the time for the payment of the notes therein described had been extended beyond their maturity; that no verbal agreement between the mortgagors and mortgagee to extend the time of payment of said notes, not shown by the mortgage itself, would in any way affect the rights of other creditors of the mortgagors having liens on said property.

No question of law as to appellees' right to a lien upon the property is involved in the case. Appellant could only succeed in this action by establishing a prior lien under his mortgage. All the errors of law assigned on this record can therefore be disposed of by determining whether or not the trial court properly held the foregoing propositions of law.

Considerable space is occupied in appellant's argument discussing the question as to whether evidence of a verbal agreement between the parties to the mortgage to extend the time of payment of the mortgage indebtedness should have been admitted upon the trial, but unless there was error in holding, as a matter of law, that such an agreement, if made, would in no way affect the rights of third parties, such evidence was clearly irrelevant, and for that reason properly excluded. The long established rule in this State is, that even where the mortgagor retains possession of mortgaged property, under the provisions of a chattel mortgage, the mortgagee must change that possession to himself upon default in payment of the secured indebtedness, within a reasonable time, and a failure to do so

is a fraud *per se*, not subject to explanation. The rule is founded upon the principle that conveyances of personal property, where the possession is permitted to remain with the vendor, are fraudulent *per se*, and void as to creditors and purchasers, *unless the retaining of possession be consistent with the deed.* (See *Reed* v. *Eames*, 19 Ill. 594, and cases there cited.) To hold that possession by a mortgagor after default, as shown by the deed, is not fraudulent, because of some outside agreement to extend the time of payment, would be to abrogate the rule above stated and destroy the principle upon which it rests. The rights of creditors attach after the maturity of the debt, because the continued possession is then inconsistent with the deed. No collateral agreement between the mortgagor and mortgagee can change it into a consistent possession.

The point most earnestly insisted upon is, that by the terms of this mortgage the indebtedness therein described did not mature until the expiration of two years from the date of its execution. This position is based on the language, "if the said mortgagors * * * shall, on or before two years from date of this mortgage, well and truly pay unto the said mortgagee, * * * as follows, their respective notes, * * * then this mortgage to be void," etc. The condition, it is insisted, is, that the notes shall be paid in two years from the date of the mortgage, and not according to the terms of the notes. It will be seen from the foregoing description of the promissory notes set out in the mortgage, that all except one were past due when the mortgage was executed. That one was made August 17, 1886, and became due one year from that date. The statute in force when it was made expressly provided that the mortgage should only be good until the maturity of the entire debt or obligation secured. Under this statute the mortgagor could lawfully retain possession of the mortgaged property until the maturity of said note falling due August 17, 1887. To attempt to reconcile his possession after that time with the terms of the deed is to contend against the

plain and unmistakable intent and meaning of the instrument and the express language of the statute. The mortgage clearly shows that it was intended to secure the indebtedness evidenced by the several promissory notes therein described, and although it does not say, in terms, "according to their tenor and effect," that is clearly its meaning. We do not see how this can be made clearer than by reading the instrument itself. Had the attempt been to secure only the note falling due after the mortgage was executed, the construction now insisted upon would in all probability not have been thought of, and yet the case, on principle, would have been precisely the same. It would have been perfectly easy for the parties, if they intended to extend the time of payment, as here contended, to have made new notes falling due two years after the execution of the mortgage. Creditors of the mortgagors would thus have been advised of the true relation of the parties as to the mortgaged property and indebtedness.

We entertain no doubt that notwithstanding the language of the mortgage relied on by appellant as extending payment of these notes, the mortgagee could have proceeded, at any time after the notes fell due, by their terms, to collect them by independent suit, and after the last one matured, could have seized the mortgaged property under his mortgage, and sold it for the payment of said indebtedness. The indebtedness described in a chattel mortgage can not be due in the sense that the payee may enforce its collection, and at the same time not due for the purpose of justifying a mortgagee in leaving the mortgaged property in the possession of the mortgagor.

The law of this case was properly held by the circuit court. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*