## Helen B. M. Pulling v. The Travelers' Insurance Company.

1. INSURANCE—*Forfeiture of Policy.*—Where the insured gave a note payable on demand for his annual premium, and the insurer depends upon the fact of the non-payment of the note as a ground for forfeiting the policy, the burden of proof is upon the insurer to show a demand of the insured for the amount of the note.

2. Tender of Payment—*To Save a Forfeiture of a Policy of Insurance.*—If an actual production of the money and showing is, under ordinary circumstances, necessary to make an offer to pay a premium effectual, the peremptory refusal to take the money dispenses with its production.

3. Payment of Premiums—*Refusal to Accept, etc.*—A refusal to accept a payment of an annual premium on the ground that the policy is forfeited, with the declaration that no further payment of premium would be accepted, dispenses with all further effort or readiness to pay.

4. Promissory Notes—*Payable on Demand—When Due.*—While a note payable on demand is considered due without a demand in fact, so that an action can be maintained upon it, and the statute of limitations will run against it, the same rule does not apply to a note given for the purpose of extending a term of credit, and the term of credit being at the option of the holder, if a forfeiture is to follow, an actual demand or notice in some way that payment is wanted must be shown.

**Memorandum.**—Action on policy of insurance. In the Superior Court of Cook County; the Hon. Jonas Hutchinson, Judge, presiding. Declaration, special count on life policy and common counts; plea of general issue with notice of special matters relied on for defense: 1. The policy of insurance was forfeited for non-payment of premiums specified therein. 2. Policy was forfeited for non-payment of premium note given for the premium which matured July 15, 1880. 3. No subsequent premium on said policy was ever paid, tendered or offered. 4. No premium on said policy was paid, tendered or offered in and for the year in which the insured is said to have died. 5. Consideration for promise contained in said policy wholly failed by reason of non-payment of premiums specified in said policy and insurance company became wholly discharged from any liability upon or under same. Trial by the court without a jury; finding and judgment for defendant; appeal by plaintiff. Heard in this court at the October term, 1894. Reversed with a finding of facts. Opinion filed December 6, 1894.

Appellant's Brief, St. John, French & Merriam, Attorneys.

A policy can not be forfeited for non-payment of the premium note. Public policy forbids that an insurance policy should be forfeited for the non-payment of the note given for the premium, where the policy or premium receipt has been delivered, certifying that the premium has been paid, although the policy should provide that "if any note given for the payment of the premium or any part thereof, should not be paid on or before the date specified

for the payment of the same, then the policy should cease and determine." Ills. Cent. Ins. Co. v. Wolf, 37 Ill. 354; Provident Life Ins. Co. v. Fennell, 49 Ill. 180; Groft v. Teutonia Life Ins. Co. v. Anderson, 77 Ill. 384; Mich. Mut. Ins. Co. v. Bowes, 42 Mich. 19; Tabor v. Mich. Mut. Ins. Co., 44 Mich. 324; Douglass v. Knickerbocker Life Ins. Co., 83 N. Y. 492.

Forfeitures are odious in the law, and the burden lies upon him who asserts it to fully prove a state of facts justifying it. Knickerbocker Life Ins. Co. v. Norton, 6 Otto 234; City of Chicago v. Rumpft, 45 Ill. 90; Bullock v. Geomble, 45 Ill. 281; Voris v. Renshaw, 49 Ill. 425; Hartford Fire Ins. Co. v. Walsh, 54 Ill. 164; Palmer v. Ford, 70 Ill. 369.

Forfeitures not being favored in the law, slight evidence of a waiver is sufficient. Lyon v. Travelers' Ins. Co., 55 Mich. 141.

By its pleading the appellee claims the offer of payment was unavailing because it was not made as a formal tender and the tender was not kept good, and the money was not deposited in court.

This is not a case involving the question of legal tender. It is one where the debtor was excused from making any tender at all.

Tender to one who announces in advance that he will not receive it is unnecessary. McPherson v. Nelson, 44 Ill. 124; Thayer v. Meeker, 86 Ill. 470; 2 Greenleaf on Evidence, Sec. 603; Dorsey v. Barber, Little's Select Cases, 204, p. 12, Am. Decisions, 296.

The positive declaration of one to whom money is to be paid within a certain time, that he will not receive it, will excuse a tender of the money, provided the declaration is made before the expiration of the time. Dorsey v. Barbee, 12 Am. Dec. 296; Lacy v. Wilson, 24 Mich. 479.

The production of the money is dispensed with, if the party is ready and willing to pay the same, and is about to produce it, but is prevented by the creditor declaring that he will not receive it. McPherson v. Nelson, 44 Ill. 144; Dorsey v. Barbee, 12 Am. Dec. 296; Hith v. The Insurance

Co., 10th Ins. Law Journal 223; Plicher v. New York Life Ins. Co., 10 Ins. Law Journal 312; Lacy v. Wilson, 24 Mich. 479.

He who prevents anything being done shall not avail himself of the non-performance thus occasioned.   Beebe v. Whitehead, Breese 174; Meyers v. Geer, 59 Ill. 436; People ex rel. v. Olden, 82 Ill. 93.

The only object of a strict tender, and keeping the same good, is to stop interest and costs.   Thayer v. Meeker, 86 Ill. 470.

When the declaration contains no averment of tender, but an averment of a readiness and willingness to perform, the plaintiff need only show such readiness and willingness to perform, and a tender need not be proved.   McPherson v. Nelson, 44 Ill. 124; Swift v. Lewis, 28 Conn. 110.

Tender of payment or payment is not necessary where the company has already declared the policy forfeited or has done anything tantamount to a declaration on their part that they will not receive it if tendered.   May on Insurance (edition of '91), Sec. 58, et seq.; Shaw v. Republic Life Ins. Co., 69 N. Y. 286; Meyer v. Knickerbocker Life Ins. Co., 73 N. Y. 516; Missell v. The Globe Mutual Life Insurance Company, 76 N. Y. 115; Whitehead v. New York Life Ins. Co., 102 N. Y. 143; Hight et al., Adm'rs, v. Continental Life Ins. Company, 10 Insurance Law Journal, page 223; Shaw v. Republic Life Insurance Company, 69 N. Y. 286; Missell, Adm'r, v. The Globe Mutual Life Insurance Company, 76 N. Y. 115; Plicher v. N. Y. Life Ins. Co., 10 Ins. Law Journal, 312.

Silence and inaction must amount to an estoppel to be of any force, and silence will not amount to an estoppel, unless the other party is thereby induced to act, and does act in such a manner as to alter its condition in some way to its prejudice.   Knoeble v. Kircher, 33 Ill. 300; Hepner v. Vandolah, 57 Ill. 520.

APPELLEE'S BRIEF, C. C. BONNEY AND LYMAN M. PAINE, ATTORNEYS.

The form of the plea of tender requires the party to say that he now brings the same money into court ready to be

paid to the other party if he will accept the same. Thompson v. Knick. Ins. Co. 104 U. S. 260; Hartford Life I. Co. v. Unsell, 144 U. S. 447.

Greenleaf says: " If the tender was of money it is pleaded with the averment that the defendant was always and still is ready to pay it, and the money is produced in court." And, " To support the issue of a tender of money it is necessary for the defendant to show that the precise sum, or more, was actually produced in current money, such as is made a legal tender by statute, and actually offered to the plaintiff."

" It must appear that the money or other thing tendered was actually produced to the creditor."

" Great importance is attached to the production of the money, as the sight of it may tempt the creditor to yield and accept it." 2 Greenleaf Ev., Secs. 600, 601, 602.

" A contract of life insurance is one of a peculiar nature. * * * The stability and permanency of the company depend, first, upon an adequate premium being demanded; secondly, upon its being paid, or sufficiently secured so that the company shall not run a risk on lives any further than each one contributes his just proportion to the funds of the company.". Bliss on Insurance, Sec. 181; Ind. Mutual F. Ins. Co. v. Conner, 5 Ind. 170; Beadle v. Chenango Co. Mutual Ins. Co., 3 Hill (N. Y.) 161.

If a note be given for an unpaid premium, it is only conditional or qualified payment, and the policy fails unless the note is paid when due. Bliss on Insurance, Sec. 179, citing Pill v. Berkshire L. I. Co., 100 Mass. 500.

The policy and the premium receipts in this case expressly notify the insured that nothing but payment of the premiums in money will keep the policy in force. The receipt is therefore merely *prima facie* evidence of payment. Cooke on Life Ins. 173.

An unsuccessful demand of payment can not be construed into an abandonment and waiver of any of the terms and conditions of a note or policy, or as an alteration of the contract in any particular. Bliss on Insurance, Sec. 185, citing Baker v. Union L. Ins. Co., 43 N. Y. 283.

There is no such waiver of the forfeiture for non-payment of the premium as serves to keep alive the policy, though the company not only demands the premium, but sues for it, unless the demand is acceded to by the insured and payment made.    Bliss on Insurance, Sec. 187, citing Edge v. Duke, 18 L. J. Ch. 183.

"The note and policy are to be construed together, and the note declares that it is embraced within the conditions of the policy in reference to forfeiture.    The acknowledgment of payment in the policy is always open to explanation by proof of the actual facts."    Pitt v. Berkshire Life Ins. Co., 100 Mass. 500.

"Where two instruments are executed as parts of the same transaction and agreement, whether at the same or different times, they will be taken and construed together." Stacey v. Randall, 17 Ill. 466.

Mr. Justice Gary delivered the opinion of the Court.

January 15, 1873, the appellee insured the life of Howell G. Pulling in the sum of ten thousand dollars, payable to the appellant, his wife.    Among the conditions of the policy was:  "Third.    That this policy shall not take effect until the advance premium hereon shall have been paid, during the lifetime of the person whose life is hereby insured, and that if any subsequent premium on this policy, or any installment thereof, or any note given for the premium, or any part thereof, shall not be paid on or before the day specified for the payment of the same, then this policy shall cease and determine, and this company shall not be liable for the payment of the sum insured herein, nor of any part thereof except as hereinafter provided; and that no premium hereon shall be considered as paid unless a receipt shall have been given therefor signed by the president or secretary of the company."    Also:  "Note.    Agents of the company are not authorized to make, alter or discharge contracts, or waive forfeitures."

Then upon the back of the policy was indorsed:  "Special notice.    To the policy holder:  The premiums upon this

policy are due and payable at the office of the company in Hartford, Conn., and the only evidence of the payment of the same that will be recognized . by the company as valid and binding, is a receipt signed by the president or secretary of the company. For the convenience of the policy holder, the agent through whom this policy was issued or last re-. newed, will be furnished with the proper receipts to be delivered to the policy holder on payment of the premium; and the policy holder is hereby explicitly notified that the possession of the receipts for premiums issued from the home office, and signed by the president or secretary of the company, is the only evidence of the policy holder of the authority of any agent to collect, or receive any premium on account of this policy."

Attached to this policy, but not a part of it, was what is usually known as an accident policy, called in this case an indemnity contract, for the benefit of Howell G. Pulling himself, in which the appellant had no legal interest.

The premiums were paid until July 15, 1880. Then Howell G. Pulling gave to the local agent a note as follows :

"$121.54.                    Chicago, Ill., July 15, 1880.

On demand, after date, I promise to pay to the order of the Travelers' Insurance Company, of Hartford, Connecticut, one hundred twenty-one and fifty-four one-hundredths dollars, at 177 La Salle street, for value received. It is expressly stipulated that the payment in full of this note at its maturity is absolutely essential to the renewal of the policy No. 15,804, and that in case this note is not so paid at maturity, the said, The Travelers' Insurance Company, shall be wholly released from any claim or demand whatever on said policy and the same shall become null and void and of no effect.

H. G. Pulling."

For which the agent gave him a receipt as follows :
" (Combined.)                    Form 110.
        Renewal Receipt—Life Department.
The Travelers' Insurance Company, Hartford, Conn.·
    Policy No. 15,804.            Premium $121.54.
Received $121.54, continuing in force Policy No. 15,804

with indemnity contract thereto attached, on life of Howell G. Pulling, for six months from the 15th day of July, 1880.

RODNEY DENNIS, Secretary.

Countersigned at Chicago, this 15th day of July, 1880.

J. H. NOLAN, General Agent."

This note was never paid, nor was any subsequent premium. Howell G. Pulling lived until January 13, 1890. No question is made as to his death, notice and proofs, but only whether the policy payable to the appellant was in force at the time of the death.

A clerk of the local agent testified in answer to questions as to making a demand on Howell G. Pulling of payment of the note, "I made demand, and it was some time during the month of July. One instance I remember of taking this (the note) and meeting Mr. Pulling and asking him for the money on it. It was July, 1880. Some time after it (the note) was made. Some time between that, and as I remember it, the first of August, I saw him over on Michigan avenue. I think it was the old Gardner House. I have no recollection of going there (to the Sherman House) now."

On the note was a pencil memorandum in the handwriting of the clerk, "May be in town and will be at Sherman House at 4:30 to-day," of which he could give no explanation, and to which he had put no date.

This is very vague and indefinite evidence of a demand on which a forfeiture of a ten thousand dollar policy is to be based. No time, no conversation, not a word of what was said, no presentation of the note, and a very uncertain fixing of any place. It is proved that when the next premium would have been due, in January, 1881, a friend of Howell G. Pulling, at his request, went to the office of the local agent, with the money in his possession, and there, to the agent, offered to pay both premiums, that of the then last July and the one which, if the policy was in force, was then due; but the offer was refused and the money rejected, on the ground that the policy was forfeited.

In July, 1881, when the next semi-annual premium would

have been due, had the policy remained in force, Howell G. Pulling went with the money and offered to pay the three premiums, and met the same refusal.

On the first occasion the agent said it was no use to bring money, it would not be received, the policy was forfeited.

If an actual production of the money, and showing it, would, under ordinary circumstances, be necessary to make the offer to pay the premium effectual, the peremptory refusal to take the money dispensed with such production. 25 Am. & Eng. Ency. of Law, 904. And that refusal, with the declaration that no further payment of premium would be accepted, dispensed with all further effort, or readiness, to pay. Kadish v. Young, 108 Ill. 170, and cases there cited, especially McPherson v. Walker, 40 Ill. 371.

Without going through the great multitude of cases cited by the parties, we are of opinion that upon the facts of this case the appellant is entitled to recover.

While a note payable on demand is considered due without a demand in fact, so that an action can be maintained upon it, and the statute of limitations will run against it, yet it can not be maintained that the same rule applies to a note given for the purpose of extending some term of credit, and the term of credit being at the option of the holder, if a forfeiture is to follow, an actual demand, or notice in some way that payment is wanted, should be so proved, that from the facts as detailed by the witness, the court can see that such demand was made or notice given. Hawkins v. Harding, 37 Ill. App. 564, 571, *et seq.*

The case having been tried below without a jury, a finding of facts will be made here and judgment entered thereon. Manistee Lumber Co. v. Union National Bank, 143 Ill. 490.

The amount of the policy, less all premiums unpaid during the life of Howell G. Pulling, with interest thereon, and compounded at every time premiums ought have been paid during his life at the rate of six per cent per annum to March 26, 1891, being ninety days after proofs of death to the company, with interest on that residue from the last

named day to date of judgment here at the same rate, will be the amount of the judgment. The judgment of the Superior Court is reversed.

Mr. Justice Waterman dissents.