## Middle Division Elevator Co. v. Melvin Vandeventer.

1. CONTRACTS—*To Deliver Merchandise—When They May be Abandoned.*—A vendor who contracts to deliver personal property in the future at a certain price, and when the time for delivery arrives is ready and willing to deliver, but is prevented from doing so by the refusal of the vendee to accept, may elect to consider the contract at an end.

2. AGENT—*What is Under the Scope of His Authority.*—An agent placed at an elevator to buy and receive grain, and who contracts for future delivery and attends generally to his principal's business there, has an implied authority to rescind a contract for the delivery of grain.

Assumpsit, to recover damages for failure to deliver corn. Trial in the County Court of DeWitt County; the Hon. GEORGE K. INGHAM, Judge, presiding. Verdict and judgment for defendant; appeal by plaintiff. Heard in this court at the November term, 1898. Affirmed. Opinion filed February 7, 1899.

THOMAS F. TIPTON, THOMAS W. TIPTON and CHARLES R. ADAIR, attorneys for appellant.

HERRICK & HERRICK and MOORE, WARNER & LEMON, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

Appellant brought this suit to recover damages for appellee's failure to deliver 4,000 bushels of corn, which he had agreed to deliver at appellant's elevator for twenty-four and one-half cents per bushel. The defense interposed was that after appellee had delivered about three hundred bushels of corn, and had perfected arrangements for shelling

and delivering the rest, appellant declined to receive more because its elevator was full, and that the contract was thereby abandoned. Upon a trial by the court without a jury the defense prevailed.

Appellee is a farmer, residing five miles from Parnell in DeWitt county. Appellant owns an elevator at Parnell, operated by one Charles P. Arbogast, as its agent. On the 28th of January, 1898, appellee and Arbogast entered into a contract whereby appellee agreed to deliver 4,000 bushels of corn, then on his place, for twenty-four and one-fourth cents per bushel. Appellee testified that the agreement was that he was to deliver the corn at the elevator as soon as he could shell and haul it; that he procured a large number of teams to haul the corn and did haul about three hundred bushels, when Arbogast declined to receive any more. The condition of the roads became such within a few days that no more corn could be delivered until in the spring.

In the meantime the market price of corn had raised. Appellant then demanded the rest of the 4,000 bushels, which appellee refused upon the ground that the contract had been abandoned. There is no serious conflict in the testimony except as to what occurred between appellee and Arbogast in the early part of February as to further delivery. Whether the contract was abandoned and appellee released from further performance on his part, depends upon what was said by Arbogast on that occasion. As to that there is a sharp conflict between the two. We shall not assume to say that the trial court erred in deciding where the truth was. His opportunities for judging of the credibility of the witnesses were vastly superior to ours.

A vendor who has contracted to deliver personal property in the future at a certain price, and when the time for delivery arrives is ready and willing to deliver and is prevented from doing so by the refusal of the vendee to accept, may elect to consider the contract at an end. McPherson v. Walker, 40 Ill. 371; Kadish et al. v. Young et al., 108 Ill. 170; Roebling's Sons Co. v. Lock Stitch Fence Co., 28 Ill. App. 184.

It is contended that Arbogast had no authority to rescind the contract. His authority, it is claimed, was limited to receiving the corn and paying for it. Such contention can not prevail in the face of the testimony showing that he was placed at the elevator to buy and receive grain; that he contracted for future delivery and attended generally to the corporation's business there. In this case he declined to receive the corn because appellant had not made provision for taking care of it.

In the view which the trial court took of the disputed conversation between appellee and Arbogast no other judgment than that rendered would have been proper. Judgment affirmed.