### George Slingo v. Steele-Wedeles Company.

1.   Promissory Notes—*Demand Before Suit, When Unnecessary.*—For some purposes a note payable on demand is due as soon as it is executed and delivered to a *bona fide* holder.   A suit may be maintained upon it without any demand for payment other than the commencement of the suit.

2. SAME—*Demand Before Foreclosure Necessary.*—Where it is sought to foreclose a chattel mortgage, given to secure the payment of a note due on demand, the note and mortgage are to be considered and construed together, and in case it is sought to enforce a forfeiture, a previous demand for payment is necessary.

3. CHATTEL MORTGAGES—*Forfeiture Under an "Insecure and Unsafe" Clause.*—In judging of the contingency under the "insecure and unsafe" clause of a chattel mortgage, the mortgagee, in taking possession of the property, must act in good faith, and have reasonable grounds to suppose that there was danger of his debt being lost.

**Trespass,** *de bonis asportatis.* Trial in the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Verdict and judgment for defendants by direction of the court; appeal by plaintiff. Heard in the Branch Appellate Court at the March term, 1899. Reversed and remanded. Opinion filed April 11, 1899.

**Statement.**—At and prior to March 28, 1895, the time of the alleged trespass complained of in this case, appellant was conducting a retail grocery store at Western Springs in Cook county. Appellee was a wholesale grocer in Chicago. Appellant was then indebted to appellee in the sum of about $200. March 27, 1895, another creditor of appellant caused an attachment to be levied upon the stock of groceries in appellant's store. The next day Edward Lloyd, representing appellee, went to the store of appellant and obtained from appellant a chattel mortgage upon his stock of groceries, and also upon his cow and other exempt property. At the suggestion and upon the instance of Mr. Lloyd, an appraisal of the property attached was had, and thereupon such property was released from the attachment levy as being exempt, and the possession thereof surrendered to appellant by the constable who had levied the attachment thereon.

A few minutes afterward another constable stepped into the store and took possession for appellee under said chattel mortgage. The next day all of the mortgaged property was sold, as contended by appellee, at private sale, for $140. This included a horse, wagon, cow, fixtures, etc., besides the stock of groceries. The day next following it was all removed by the agents of appellee.

The chattel mortgage is dated March 28, 1895, was executed and acknowledged that day, and was given to secure the payment of two promissory notes made by appellant of even date with said mortgage, one for the sum of $100, payable *on demand*, and for the sum of $90, due one year after date. No demand was ever made upon appellant for the payment of either of said notes.

ROGERS & MAHONEY and FREDERICK A. WILLOUGHBY, attorneys for appellant.

Before the plaintiff's goods could be taken for failure to pay the note, actual demand should have been made upon him. While a note payable on demand is considered due without a demand in fact, so that an action can be maintained upon it, and the statute of limitations will run against it, yet it can not be maintained that the same rule applies to a note given for the purpose of extending some term of credit, and the term of credit being at the option of the holder, if a forfeiture is to follow, an actual demand, or notice in some way that payment is wanted, should be proved. Pulling v. Travelers' Insurance Co., 55 Ill. App. 460; Travelers' Ins. Co. v. Pulling, 159 Ill. 607; Basse v. Gallegger, 7 Wis. 442; Marine Bank v. Internat. Bank, 9 Wis. 57; 8 Am. and Eng. Enc. L., title Forfeiture, Sec. 28, page 448.

In order to foreclose this mortgage by virtue of the "insecurity clause" therein, the mortgagee must have felt "insecure or unsafe" and have had reasonable grounds therefor. Roy v. Goings, 96 Ill. 361; Furlong v. Cox, 77 Ill. 293; Newlean et al. v. Olson, 22 Neb. 717.

The feeling of insecurity must also have been produced by some subsequent cause, or some cause not in being when the mortgage was executed. Roy v. Goings, 96 Ill. 368; Barnett v. Hart, 42 Ohio St. 41.

MORAN, KRAUS & MAYER, attorneys for appellee.

The right to take possession under a chattel mortgage securing a demand note, exists at any time without prior demand for payment of the note. Jones on Chattel Mort-

gages, Sec. 770 (3d Ed.); Field v. Nickerson, 13 Mass. 131, 136; Alden v. Lincoln, 13 Metc. (Mass.) 204, 209; Whittemore v. Fischer, 132 Ill. 243, 256; Southwick v. Hapgood, 10 Cush. (Mass.) 119.

MR. JUSTICE HORTON delivered the opinion of the court.

The foregoing statement is sufficiently explicit to present the questions upon which we dispose of this appeal. The various charges of fraud and deception have been intentionally omitted.

It is contended on behalf of appellant that appellee can not justify the seizure of appellant's property under said mortgage, first, because no demand was made upon the note which was payable on demand, and, second, because there is no evidence that the mortgagee had reasonable grounds to feel insecure or unsafe. Both of these contentions are well founded.

For some purposes a note payable on demand is due as soon as it is executed and delivered to a *bona fide* holder. A suit may be maintained upon such a note without any demand for payment other than the commencement of the suit. But where it is sought to foreclose a chattel mortgage given to secure the payment of a note due on demand, the note and mortgage are to be considered and construed together. In such a case, and where it is sought to enforce a forfeiture, a previous demand for payment is necessary.

The case of Pulling v. Travelers' Ins. Co., 55 Ill. App. 452, was commenced to recover upon a life insurance policy. In the policy it was provided that " if any premium on this policy, or any installment thereof, or any note given for the premium, or any part thereof, shall not be paid on or before the day specified for the payment of the same, then this policy shall cease and determine," etc. Instead of paying the premium upon said policy, due July 15, 1880, the insured gave his promissory note therefor, payable on demand. Whether a demand for the payment of this note was ever made was a contested question of fact. When the next premium became due the insured caused a tender to be

made of the amount due upon said note and the premium then due. The company refused to accept the tender on the ground that the policy was forfeited. Mr. Justice Gary, speaking for the court, says (p. 460):

" While a note payable on demand is considered due without a demand in fact, so that an action can be maintained upon it, and the statute of limitations will run against it, yet it can not be maintained that the same rule applies to a note given for the purpose of extending some term of credit; and the term of credit being at the option of the holder, if a forfeiture is to follow, an actual demand, or notice in some way that payment is wanted, should be so proved, that from the facts as detailed by the witnesses the court can see that such demand was made or notice given."

In the same case in the Supreme Court (Travelers' Ins. Co. v. Pulling, 159 Ill. 603, 607), the rule is very concisely stated thus: " The note executed for the premium, being payable on demand, could not be regarded as matured for the purpose of forfeiture, except by a demand of payment from the maker." The assured died in 1890, ten years after the demand note was given, no premiums having been paid in the meantime, and the beneficiary named in the policy, the wife of the assured, recovered.

The principle upon which the Pulling case is decided is the same as in the case at bar. The word " forfeiture " is not now used in law with the same limitations, or restricted or applied to real estate only, as in early times. It means the divesting of property, or the termination of a right. It will hardly be contended that appellant was not divested of property and his right thereto and to the possession thereof by the seizure and sale of same under the mortgage, and in the manner shown by the testimony.

In considering this question of demand, counsel for appellee cite Whittemore v. Fisher, 132 Ill. 243, 256. We need only to say in regard to that case, that a formal personal demand was in fact made, and that that not being complied with, the goods were taken upon a replevin writ.

Second. Is there evidence to sustain the act of appellee in seizing and selling the property in question under the " insecure and unsafe " clause of the mortgage?

There was no change in regard to the property or the security of appellee between the time of the giving of the mortgage and the seizure and sale of the property of which appellee could complain. The only change was that the attachment levy upon a part of the property embraced in the mortgage had been released. That release of levy was upon the ground and for the reason that under an appraisal the property was found to be exempt. There was no cause to feel unsafe or insecure which was "not in being at the time the mortgage was executed." As held in Roy v. Goings, 96 Ill. 361, 368, no legal ground existed upon which to base a claim for feeling unsafe or insecure. It had been determined that the property was exempt, and therefore no one could interfere with the lien or claim of appellee by virtue of the mortgage.

In the Roy v. Goings case, the court, in speaking of the construction to be placed upon the "insecure and unsafe" clause as to the right of the mortgagee to take possession, lay down the rule that "in judging of that contingency he must act in good faith, and must have reasonable grounds to support his belief. He must have probable cause for his belief. As was said in Furlong v. Cox, 77 Ill. 293, he must, in good faith, based upon reasonable grounds, believe there was danger; and again, that he must have reasonable grounds to suppose that there was danger."

We are unable to discover in the testimony in this case any reasonable grounds upon which appellee, or those representing it, could, "in good faith," believe there was danger.

As this case must be reversed and remanded for the reasons indicated, we do not feel called upon to discuss or express any opinion as to the various charges of fraud and misrepresentation. We are, however, of opinion that the case should not have been taken from the jury.

The judgment of the Circuit Court will be reversed and the cause remanded.