## Albert Pick & Company, Appellee, v. George K. Spoor, Appellant.

### Gen. No. 24,049.

1. CHATTEL MORTGAGES, § 68a*—*when acknowledgment sufficient.* The fact that a chattel mortgage is acknowledged by an attorney in fact before a deputy clerk of the Municipal Court of Chicago, in the name of the clerk, while the power of attorney authorized him to acknowledge it before the clerk of that court, does not render the acknowledgment insufficient.

2. CLERKS OF COURTS, § 12*—*what is power of deputy clerk as to taking acknowledgment.* A deputy clerk of the Municipal Court of Chicago has power to use the name of the clerk of the court in taking an acknowledgment of a chattel mortgage, and such acknowledgment is as binding on the principal and third parties as if it had been taken by the clerk personally.

3. CHATTEL MORTGAGES, § 203*—*when failure of mortgagee to take possession is fraud as to third persons.* Possession of mortgaged chattels must be taken by the mortgagee within a reasonable time after default in payment or other condition broken by the mortgagor, and failure to take such possession is fraud *per se* as to third persons and not subject to explanation.

4. CHATTEL MORTGAGES, § 203*—*what is reasonable time for mortgagee to take possession after default.* The reasonable time in which the mortgagee of chattels is required to take possession after a default in payment or breach of other condition is to be determined from the special circumstances in each case.

5. BILLS AND NOTES, § 270*—*when demand of payment unnecessary.* A note payable on demand is payable at once, and suit can be maintained on it without any demand.

6. CHATTEL MORTGAGES, § 140*—*when lien lost as against rights of distraining landlord.* Where a chattel mortgage is given to secure the payment of seven notes bearing the same date, six of them representing monthly instalments and being payable monthly and the seventh being payable on demand, after date, and default is made in the payment of the last three of the six notes, the lien of the mortgage is lost so far as it concerns the rights of the mortgagor's landlord, where he distrained for rent after the default in the instalments, even though the mortgagee thereafter made demand on the mortgagor for the payment of the seventh note and,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

not having received payment, demanded the property which had been taken under the distress warrant.

Appeal from the Municipal Court of Chicago; the Hon. JOHN RICHARDSON, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1918.   Reversed and remanded.   Opinion filed December 4, 1918.

WILLIAM A. JENNINGS, for appellant.

MAYER, MEYER, AUSTRIAN & PLATT, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Albert Pick & Company, a corporation, brought an action of replevin against George K. Spoor.   There was a trial before the court without a jury, and a finding and judgment in favor of plaintiff, to reverse which defendant prosecutes this appeal.

Plaintiff's right of possession of the property was based on a chattel mortgage given to it by the owner, dated April 17, 1917, acknowledged before the clerk of the Municipal Court of Chicago, May 2, 1917, and recorded in the recorder's office of Cook county, Illinois, May 7, 1917.   The chattel mortgage was given to secure the payment of $325, evidenced by seven promissory notes, all dated April 17, 1917.   Note No. 1 was for $75, and the others were for $40 each.   The first six notes represented monthly instalments, one being due on the 17th of each month.   Note No. 7 was due "on demand, after date."   Default was made in payment of the notes maturing in August, September and October.   On November 10, 1918, the defendant distrained the property for nonpayment of rent due from the owner.   Afterwards plaintiff demanded payment from the owner of note No. 7, and payment not having been made, it demanded the property which had been taken by the defendant under the distress warrant.   The demand was refused and thereupon plaintiff instituted the instant suit in replevin.

The first point made by the defendant is that the mortgage is invalid as to third parties, it not having been properly acknowledged. In support of this it is urged that the mortgage was acknowledged by an attorney in fact under a power of attorney executed by the mortgagor which authorized the appearance by the attorney in fact before Frank P. Danisch, clerk of the Municipal Court of Chicago; while the evidence showed that such attorney acknowledged it before a deputy clerk of the Municipal Court, although the acknowledgment was in the name of the clerk of the court. We think there is no merit in this contention. The deputy clerk had the power to use the name of the clerk of the court. It was within the scope of his authority, and is binding on the principal and third parties the same as if performed by the clerk personally. *Hope v. Sawyer,* 14 Ill. 254; *Woodward v. Donovan,* 167 Ill. App. 503.

The next point is that all of the notes evidencing the indebtedness to secure which the mortgage was given were long since overdue, and therefore the lien of the mortgage was gone, so far as it affected the defendant and other third parties. Section 4 of the Chattel Mortgage Act (J. & A. ¶ 7579) provides that if a chattel mortgage is bona fide, it shall be a good and valid lien on the property "from the time it is filed for record until the maturity of the entire debt or obligation," provided such time shall not exceed 3 years from the filing of the mortgage, etc. It has long been the law of this State that possession of the mortgaged chattels must be taken by the mortgagee within a reasonable time after default in payment or other condition broken by the mortgagor; that failure to take such possession is a fraud *per se* as to third parties, not subject to explanation. This rule is based upon the principle that a conveyance of personal property where possession is permitted to remain in the vendor, as in the instant case, is fraudu-

lent *per se* and void as to creditors and purchasers, unless the retaining of possession is consistent with the mortgage. *Jones v. Noel*, 139 Ill. 377. And what is such reasonable time in which the mortgagee must take possession must be determined from the special circumstances in each case. (*Richley v. Childs*, 114 Ill. App. 173, and cases cited.) In that case it was held that failure to take possession for 3 days after default was unreasonable. Counsel for both sides concede this to be the law, but plaintiff contends that note No. 7 was not due until demand for payment had been made, and that immediately after such demand was made, it sought to obtain possession of the property, and, being unable to do so, brought replevin; that there was no delay after the maturity of the note, and therefore the lien of its mortgage was not lost. In support of its position plaintiff cites *Slingo v. Steele-Wedeles Co.*, 82 Ill. App. 139; *Pulling v. Travelers' Ins. Co.*, 55 Ill. App. 452, and other cases. In the *Slingo* case, *supra,* it is said that while a note payable on demand is due at once, and that without a demand suit may be maintained upon it, yet for the purpose of foreclosure of a chattel mortgage securing the note, where it is sought to enforce a forfeiture, demand must first be made for payment. In the *Pulling* case, *supra,* the action was upon a life insurance policy. The defense was that the policy was forfeited because the premiums had not been paid. It appeared that the insured had given his note payable on demand for the premium, and it was held that the note "could not be regarded as matured for the purposes of forfeiture, except by demand on the maker." It is clear that these cases are not in point. The instant case is not between the mortgagor and mortgagee of chattels, but between the mortgagee and a third party, and the statute says that the mortgage shall be good as against him until the maturity of the debt. It has been repeatedly held that a note payable on demand

is payable at once. *Hall v. Jones*, 32 Ill. 38; *Knecht v. Boshold*, 138 Ill. App. 430. And suit can be maintained on it without any demand. *Slingo v. Steele-Wedeles Co., supra; Pulling v. Travelers' Ins. Co., supra.* In the instant case, note No. 7 was due "on demand after date," and was therefore due and payable April 18, 1917, several months before the demand for payment was made. The lien of the chattel mortgage, so far as the defendant was concerned, was therefore gone. If plaintiff's argument is sound, that the note is not due or matured until payment is demanded, it might never become due, because a demand might never be made.

The judgment of the Municipal Court of Chicago is reversed and the cause remanded for further proceedings in accordance with this opinion.

*Reversed and remanded.*