CHICAGO—FIRST DISTRICT—JULY, 1919.    513

Logan Square Trust & Savings Bank v. Traeger, 214 Ill. App. 513.

# Logan Square Trust & Savings Bank, Appellee, v. John E. Traeger, Sheriff, Appellant.

## Gen. No. 24,506.

1. CHATTEL MORTGAGES, § 203*—*when retention of possession by mortgagor is fraudulent as to creditors.* Under a chattel mortgage which showed upon its face that it was given to secure an indebtedness not merely pre-existing, but which had matured some 2 months previous to the time the mortgage was given, the retention of the possession of the mortgaged chattels by the mortgagor was inconsistent with the terms of the mortgage, and such possession was therefore fraudulent *per se* and void as to creditors.

2. FRAUDULENT CONVEYANCES, § 18*—*when chattel mortgage is invalid as to creditors.* The rule that it is proper to give a chattel mortgage to secure future advances did not, as against creditors, avail a bank which relied upon a chattel mortgage securing a debt which had matured before the giving of the mortgage, and also relied upon the prior mortgage given to secure such debt, as security for the running indebtedness of the corporation in question, where the last mortgage stated on its face that it was given to secure the specific indebtedness, viz., that represented by the note described in the prior mortgage.

3. FRAUDULENT CONVEYANCES, § 18*—*when chattel mortgage is invalid as to creditors.* Even had the effect of the mortgage in question, given 2 months after the maturity of the debt which had been secured by a prior mortgage, been to postpone the maturity of the indebtedness and to convert it into a demand loan, the note was, as to creditors, to be considered as having matured the day after the mortgage was given.

4. CHATTEL MORTGAGES, § 203*—*when delay of mortgagee in taking possession is unreasonable.* Under the statute making a chattel mortgage null and void as to third parties, unless the mortgagee takes possession within a reasonable time after the maturity of the secured debt (J. & A. ¶ 7576), a delay of 2 months after the maturity in taking possession was unreasonable.

Appeal from the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Reversed and remanded. Opinion filed July 2, 1919. Rehearing denied July 16, 1919.

*See Illir is Note, Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
    Vol. CCXIV 33

MAX LUSTER, for appellant.

JOHN J. SONSTEBY, for appellee; EARL C. HALES, of counsel.

MR. PRESIDING JUSTICE THOMSON delivered the opinion of the court.

This was a suit in replevin, brought by the plaintiff bank, to secure possession of certain property in the hands of the defendant sheriff, which had been taken by him under an execution. The issues were presented to the trial court without a jury under a stipulation of facts and the court made a finding of property in the plaintiff with damages of one cent and entered judgment accordingly, from which the defendant has appealed.

A certain partnership, engaged in conducting a billiard parlor, being indebted to the plaintiff bank in sums aggregating $2,500, gave the bank a note for that amount dated April 22, 1915, due 2 years after date, and on the same day they executed and delivered to the bank a chattel mortgage to secure their note, which mortgage covered the goods and chattels used by them in conducting the billiard parlor. During that summer they incorporated their business and conveyed the chattels in question to the corporation, subject to the indebtedness to the bank. It appears from the agreed statements of facts that the corporation made payments on that indebtedness to the bank from time to time and on October 6, 1916, the corporation gave the bank a new note under that date, for the amount of its then indebtedness, which was $1,250, this note being payable 90 days after date. At the time of filing this suit the indebtedness of the corporation to the bank was $1,250, with interest from October 6, 1916. The stipulated statement of facts was further to the effect that in making advances to the corporation,

from time to time, the bank was relying on the chattel mortgage above referred to, and also a further mortgage executed by the corporation on June 8, 1917, which was duly acknowledged before the clerk of the Municipal Court of Chicago and recorded in the recorder's office of Cook county, Illinois. This mortgage covered the same property included in the previous one, and after the usual clauses of conveyance, the mortgage of June 8, 1917, proceeded as follows:

"*Provided, nevertheless,* that if the said mortgagor, its successors, shall well and truly pay unto the said mortgagee, its successors or assigns, the sum of Twenty-five Hundred Dollars ($2,500.00) evidenced by principal note for said amount, dated April 22, 1915, due on or before 2 years after date, signed by Emil L. — Henry, A., — and Otto E. Sawalish, and made payable to Logan Square Trust and Savings Bank, with interest at the rate of seven per cent (7%) per annum after due date until paid, then the said mortgage is to be void, otherwise to remain in full force and effect."

Subsequently a judgment was obtained against the corporation, by its landlord, for $1,684.84, being the amount of the rent of the premises occupied by it for the months of July, August, September and October of 1917. It was further stipulated that the note referred to in the chattel mortgage of June 8, 1917, was the note referred to in the previous mortgage executed by the partnership.

The sole question involved in this case is whether the chattel mortgage executed by the corporation on June 8, 1917, was good as against the judgment creditor. It is clear that it was not. Assuming that the chattel mortgage in question was properly executed, acknowledged and recorded, the mortgage was of no legal effect whatever, for it appeared from its face that it was given to secure an indebtedness, not merely pre-existing but which had matured some 2 months

previous to the time the mortgage was given. Retention of the possession of the mortgaged chattels by the mortgagor under such circumstances was inconsistent with the terms of the mortgage and such possession was therefore fraudulent *per se* and void as to creditors. *Jones v. Noel,* 139 Ill. 377.

It is argued that it is proper to give a chattel mortgage to secure future advances and that the bank was relying upon this chattel mortgage and also the prior one as security for the running indebtedness of the corporation. This can avail the plaintiff nothing, for the mortgage in question, as stated on its face, was given to secure a specific indebtedness, namely, that represented by the note dated April 22, 1915, and due 2 years after that date. Where a chattel mortgage is given to secure a particular indebtedness, therein set forth, the mortgagee cannot claim the mortgaged property as security for a debt entirely separate from that described in the mortgage as against subsequent creditors. *Bank of Utica v. Finch,* 3 Barb. Ch. (N. Y.) 293.

From the argument made to the trial court by counsel for the plaintiff as it appears in the record, it would seem that one of the plaintiff's contentions is that the chattel mortgage of June 8, 1917, although not operating to extend payment on the note therein referred to, did have the effect of postponing the maturity of the indebtedness and converting it into a demand loan and that, as such, it had not matured at the time the judgment creditor secured her judgment against the corporation. We are of the opinion, however, that this is not the case and that the indebtedness attempted to be secured by this chattel mortgage had fully matured, according to the facts appearing on the face of the mortgage itself, some time prior to this date, and furthermore, even if the indebtedness had been so changed as to be given the form contended

for by counsel in the argument referred to, it would have to be considered as having matured the day after the mortgage was given. *Albert Pick & Co. v. Spoor,* 212 Ill. App. 612.

Under our statute a chattel mortgage becomes null and void, as to third parties, unless the mortgagee takes possession of the mortgaged chattels within à reasonable time after the debt thus secured has matured. This mortgage was not given until 2 months after the debt to secure which the mortgage stated it was given, had matured. It was, therefore, void and of no effect whatever as to third parties.

For the reasons stated it was error to find the property and chattels in question in the plaintiff, and therefore the judgment of the Superior Court is reversed and the cause remanded to that court for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*