No. 10,410.

COLORADO MILLING & ELEVATOR CO. *v.* LALLIER.

Decided June 4, 1923.

Action for purchase price of wheat sold and delivered, and for breach of contract of purchase. Judgment for plaintiff.

*Affirmed.*

1. APPEAL AND ERROR—*Fact Findings.* Fact findings by a jury on conflicting evidence are binding on review.

2. *Objections to Evidence.* Objections to evidence not made in the trial court, will not be considered on review.

3. PRINCIPAL AND AGENT—*Agent's Authority.* If an agent in charge of an elevator refuses to receive grain which the principal had contracted to receive, the seller, in the absence of notice that the agency was limited, would be relieved from the obligation to deliver, after such refusal by the agent.

4. Appeal and Error—*Compromise Verdict.* The contention that the verdict under consideration, was a compromise, overruled.

5. Instructions—*Measure of Damages.* In an action for damages based on the refusal of an elevator company to accept wheat for which it had theretofore contracted, an instruction given on the measure of damages, held correct under the allegations of the complaint.

*Error to the District Court of Weld County, Hon. Neil F. Graham, Judge.*

Mr. P. D. Nelson, for plaintiff in error.

Mr. Clarence L. Ireland, for defendant in error.

*En banc.*

Mr. Chief Justice Teller delivered the opinion of the court.

Defendant in error had judgment against the plaintiff in error in an action for the contract price of wheat sold and delivered, and for damages for breach of contract in refusing to accept a large quantity of wheat agreed by said contract to be purchased. The parties will be designated as in the court below.

Defendant contends that the evidence does not support the verdict. It is conceded by the plaintiff that the jury found against him on the first cause of action which presented a claim for two loads of wheat, which defendant denied having received. Upon the question of the defendant's refusal to receive plaintiff's wheat, after having received about a thousand bushels, there is a conflict of evidence. Plaintiff and his witnesses testified that one Taylor, who was in charge of the defendant's elevator, refused to take any more wheat after a thousand bushels had been delivered to it. Taylor denied that he had so refused, and testified that plaintiff, being dissatisfied with the grading, had himself voluntarily ceased delivering wheat to the defendant. The jury, in giving the plaintiff damages, necessarily found against the defendant on that issue. This also disposes of defendant's claim for dam-

ages by cross-complaint, in which it is alleged that plaintiff had refused to deliver to defendant wheat which he had contracted to deliver at a stipulated price.

It is urged by defendant that Taylor was not shown to have any authority to rescind the contract, and that the plaintiff should have applied to the company, or to its general agent, to have the question determined. It does not, however, appear that objection was made to the evidence of Taylor's refusal, hence, we cannot consider that point now. In any event, it would appear that if an agent in charge of an elevator refuses to receive grain which the principal had contracted to receive, the seller, in the absence of notice that the agency was limited, would be relieved from the obligation to deliver after such refusal by the agent. This is the holding in *M. D. Elevator Co. v. Vandeventer*, 80 Ill. App. 669.

It is further contended that the verdict is a compromise, and not in accord with the evidence on any theory of the case. If, as is conceded, the verdict for $1288.50 is for damages based upon the difference between the contract price and the market price, during the period limited for delivery of the wheat, it is impossible for this court to say that the jury might not fairly and reasonably have found that such difference amounts to the sum named.

Finally, it is said that the court erred in giving instruction No. 4 which is as follows:

"If you find for the plaintiff on the second cause of action, his damages, if any, should be computed upon the difference between the basic price of $1.83 per hundred and the market price of wheat at the time and place of delivery, all as shown by the evidence in the case, for the number of bushels which the defendant refused to receive under said contract, if you find that it did refuse to accept any wheat."

The defendant contends that the plaintiff, since he had sold the wheat was compelled to claim as damages the difference between the contract price and the price which he received. Objection is made that the instruction is

not in accord with the allegations of the complaint, which in one paragraph alleges that upon the refusal of the defendant to receive. the wheat plaintiff was compelled to seek a market elsewhere.   That allegation, however, may properly be regarded as surplusage.   The complaint claims as damages the difference between the contract price and the market price at the time, and the market price is set out.

Defendant cites *Magnes v. Sioux City Nursery Co.*, 14 Colo. App. 219, 59 Pac. 879, and *Leeper v. Schroeder*, 24 Colo. App. 164, 132 Pac. 701, in both of which cases it is pointed out that upon a breach of contract of sale the injured party may have any one of three remedies.   One of these remedies is the one adopted by the plaintiff.   Defendant, because in the cases cited another remedy was held to be proper, assumes that that is the only remedy, in spite of the assertion of the court that there were two other remedies.   The instruction was correct, and applied to the allegations of the complaint and to the evidence.

The judgment is accordingly affirmed.