CHARLES W. PATTEN

*v.*

MARY J. PATTEN.

1. CHANCERY PRACTICE — *reference to master to state account.* This court has repeatedly held that a complex and intricate account is an unfit subject for examination in court, and ought always to be referred to a master, to be examined by him, and reported, in order to a final decree. Where that is done, specific exceptions can be taken, which may be reviewed in this court.

2. MARRIED WOMAN'S ACT — *effect on relation of husband and wife.* The effect of the married woman's act is such that the rights of the husband at common law, in respect to the wife's property, are swept away and gone. As to her separate estate, and her relations thereto, she has no husband, and he is as to such estate, even during coverture, a stranger.

3. SAME — *husband must account to wife for proceeds of her estate received by him.* As the wife may make her husband her agent to collect debts due her, to receive from others the income of her estate, and to manage and control it in her name, his dealings with it will be presumed, in the absence of proof to the contrary, to be in the character of agent. His receipt of proceeds and income, with her consent, will be in that character, and for her, and they will not become his property.

4. If the husband claims such income as a gift, or other legal transfer thereof by the wife to him, the burden of proof is upon him to establish his claim.

5. AGENCY — *compensation of husband as agent of his wife.* Where the husband manages his wife's estate, and receives moneys, etc., belonging to her, he will hold it in trust for her, and he will be compelled to account to her for it; but, in such case, like other agents, in the absence of special contract, he will be entitled to reasonable compensation for his services within the agency on behalf of such separate estate.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. WILLIAM W. FARWELL, Judge, presiding.

Mr. JNO. N. JEWETT, for the plaintiff in error.

Messrs. ELDRIDGE & TOURTELLOTTE, for the defendant in error.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

The parties to this cause were married in September, 1864. The original bill was filed by the wife in March, 1871, and was to compel her husband to account for and pay over all money coming into his hands between the marriage and commencement of the suit, arising out of her separate estate, and not properly expended for the benefit thereof. No question arises upon the pleadings, and it is unnecessary to state them. A decree passed against the husband, upon which he brought error.

The subject matter involves transactions running through many years, numerous and various, constituting complex and intricate accounts. There was no reference to a master, and we are called upon, by the assignment of errors, to re-examine those accounts.

This court, upon the nature of the matter, and the authority of the case of *Dubourg* v. *United States*, 7 Peters, 625, has repeatedly held, that a complex and intricate account is an unfit subject for examination in court, and ought always to be referred to a master, to be examined by him and reported, in order to a final decree. When that is done, specific exceptions can be taken, which may be reviewed in this court. When

this court is asked, upon appeal, or error, to re-examine such an account, and the party in whose favor the decree is rendered had thus brought it into court for examination, without reference to a master, the decree will be reversed, with direction to have the reference made, as was done in the case just referred to.

Besides the objections to the amount found by the decree, the counsel for plaintiff in error insists that, because these parties were living together as husband and wife, from their way of dealing, there arises a presumption of consent, on her part, to the appropriation of her income and proceeds of property, by the husband, and that she cannot afterwards recall it. The case of *Caton* v. *Ridout*, 1 Mac. N. & G., 47 Eng. Ch. R. 600, is cited to support that position.

There is no controversy in this case that the estate out of which the money or income arose, was the separate estate of the wife, complainant below, under the married-woman act of 1861. In the case of *Caton* v. *Ridout*, the estate in the wife was an equitable one, under a settlement for her separate use.

We endeavored, in the case of *Cookson* v. *Toole*, 59 Ill. 515, to point out some of the distinctions and implications arising therefrom, between the separate estate of the wife, as the creature of equity, and that existing by operation of the statute of 1861. There seems, upon reflection, to be one distinction between the two estates and their incidents that has some bearing upon the question under consideration. Although the estate of a married woman, under a settlement for her separate use, was recognized and maintained in equity with the incidents of ownership, yet the common law marital rights of the husband co-existed. At law, the being of the wife became, by the marriage, incorporated into, and consolidated with, that of the husband, who had the absolute right to all her personal property in possession, to her *choses in action* reduced to possession during his life, and to the rents, issues, and profits of her real estate. This being the legal aspect of the relation, she, of course, could seek no remedy for deprivation of equitable

rights, except in a court of equity; and no controversy could arise in that forum between husband and wife, in respect to the separate estate of the latter, without involving more or less conflict between the legal rights of the husband and the equitable rights of the wife, the latter being without efficiency except in so far as they controlled and held in subserviency the husband's legal rights.

But where the wife has a separate estate, within the purview of the statute, the case is entirely different. *There*, as between her and her husband, she holds an absolute legal estate, if that would be the character of it in a *feme sole*. No question as to subordination to the common law rights of the husband can arise; for, backward as may be courts, or the profession, to recognize the situation, those rights are by the statute swept away and gone. She is entitled to own, hold, possess, and enjoy such estate precisely as if she were sole and unmarried. As to such estate and her relations thereto, she has no husband; he is as a stranger, even during the coverture. Now, it seems to us, that when the question arises, whether, by the fact of their living together as husband and wife, and their dealing, he receiving the income of her estate, she has not so consented as to preclude her from ever recalling it, the distinction we have attempted to point out becomes essential, the *status* of the parties, in the two cases, being so materially different.

In the case of the receipt, by the husband, of the wife's income from an equitable estate, and where the husband's common law rights still existed, the inquiry need go little beyond the mere question, whether, it being competent for her to do so, she had not waived her equitable rights in favor of the husband's legal rights, such a waiver, relinquishment, or whatever we choose to call it, being inferred from rather slight circumstances.

The case of *Caton* v. *Ridout*, above cited, goes upon the principle, that a direction by the wife that the separate income, which she would otherwise be entitled to, should be received

by the husband, would amount to consent, on her part, that he might receive it; and if he once got it into his hands, with her consent, then it became his money, and she could never recall it. The fact of the direction to receive it might also be inferred from circumstances, the principal one of which was that the parties were living together as husband and wife. The rule is thus stated by an American author: "If the husband and wife live together, and the husband receives from the trustees the income of the wife's separate estate, the wife, or her representatives, cannot claim to recover from the husband, or his estate, more than one year's income. Whether one year's income can be recovered or not is a matter of great conflict of opinion in England. There are many cases which hold that one year's income can be recovered, and as many that it cannot. Mr. Lewin says, that the better opinion is, independent of authority, that the wife can recover nothing; and he pertinently asks, if she could recover any thing of the trustees on the ground of a misapplication of the income? The principle is, that the court presumes the consent of the wife to the husband's receipt *de anno in annum*, and the wife's assent is presumed to continue, until revoked by something expressed or implied." Perry on Trusts, sec. 665.

It is readily perceived why the receipt by the husband, under the circumstances, ought to be held a discharge of the trustees; but the rule that the mere fact of the husband getting the wife's separate income into his possession, with her presumed consent, made it his property, and she could never recall it, necessarily springs from the husband's co-existing common law rights, because, in other relations, the one receiving it by direction of the person to whom it was payable, would, in the absence of proof showing a contrary purpose, be regarded as the mere agent, and hold it for the true owner.

Where the estate is a mere equitable one, and a contest arises between the wife and her husband, in regard to the income of such estate received by him, the question necessarily involves

more or less of conflict between the principles of equity and those of the common law, pertaining to the relation of husband and wife. Such has been the vigor of the common law, that in the results of all such contests, they have borne some indelible impressions of its unbending rigor.

But, as before said, when similar questions arise between husband and wife, and her estate is under the statute, the common law rights of the husband, in respect of the property of the wife, can have no influence whatever, simply because the statute has abrogated them. The relation of the parties may be considered with reference to the weight to be given, or inference drawn from, their conduct and dealings, with regard to her separate property. In the determination of a claim of the wife upon the husband, like that here involved, it is indispensable for the judicial mind to become fully conscious of the change wrought by the statute, and that husband and wife, as respects her separate estate, stand before the law as strangers. Hence, she may, as has been repeatedly decided by this court, make her husband her agent to collect debts due her, to receive from others the income of her estate, and to manage and control it, in her name, and, under this principle, his dealings with it will be presumptively in the character of agent. His receipt of proceeds and income, with her consent, will be in that character, and for her, and they will not, in deference to marital legal rights, thereby become his property. If the husband claim such income as a gift, or other legal transfer thereof, by the wife to him, the burden is upon him to establish his claim by evidence. In no other mode of treating this subject can the intent and purpose of the statute be carried into effect.

Under the doctrine here enunciated, and which we have endeavored to establish upon principle and reason, the plaintiff in error has failed to satisfy us that his wife ever intended to vest him with her income which came into his hands, principally with her assent. His conduct is consistent alone with the theory that he acted as her agent, and, as such, received the

moneys in question. She testifies to his promise to repay her, and he does not deny it. He says, as a witness, that he made out nearly monthly accounts for her, and when called upon, after she had withdrawn the business from him, to make out a final account, he readily acquiesced, made and presented one. They have both fully recognized the relation of principal and agent — he by his acts, she by bringing this suit, and charging him as such. Such being the case, he, like other agents, is entitled, in the absence of special contract, to reasonable compensation for services, within the agency and on behalf of such separate estate. This claim the court below refused to recognize. We think that was error. The decree of the court below will be reversed, and the cause remanded, with directions to refer the matters of account to a master, and for further proceedings not inconsistent with this opinion.

*Decree reversed.*