Bartlett v. Wright.

*Reversed and remanded.*

HENRY BARTLETT, ADMINISTRATOR, ON APPEAL OF
KING KERLEY
v.
VIRGINIA WRIGHT.

*Administration—Claim of Wife against Estate of Husband for Money Had and Received—Statute of Limitations—Instructions—Change of Venue.*

1.   Where a husband receives money from his wife, unless upon special terms, the inference is warranted that he receives and is to hold it for her use and benefit as an agent or depositary.

2.   The statute of limitations does not begin to run against the wife as to money so deposited until after demand and refusal.

3.·  It is matter of no consequence that some of the items, as shown by the evidence, are larger than specified in the account filed against an estate, if the amount of the verdict is within the claim as filed.

4.   This court will not reverse merely because some of the instructions are inaccurate when, taken together, they fairly instruct the jury upon the questions at issue in accordance with the law.

[Opinion filed December 5, 1888.]

APPEAL from the Circuit Court of Adams County; the Hon. WILLIAM MARSH, Judge, presiding.

Messrs. J. C. THOMPSON and CARTER & GOVERT, for appellant.

In 3 Gilm. 599, the court says: " The statute of limitations begins to run when the cause of action accrues. In case where some act is to be done, or condition precedent to be performed by a party to entitle him to his right to sue, and no time is fixed at which the act is to be done or condition performed, he must exercise reasonable diligence to do the one or perform the other, or he will be barred by the statute of limitations, otherwise it would be a power to defeat the law by his own negligence and wrong." See also Angell on Limitations, Sec. 95, pp. 94 and 95; 2 Parsons on Contracts, 4th Ed., Sec. 370; Hayward v. Gunn, 82 Ill. 388; Wachter v. Albee, 80 Ill. 47; Ayres v. Richards, 12 Ill. 148-9; King v. Hamilton, 16 Ill. 190; Reeves, Jr., v. Herr, 59 Ill. 81; Thompson v. Reed, 48 Ill. 122; Freeman v. Freeman, 65 Ill. 106; Kerner v. Crall, 19 Ill. 191; Cagwin v. Ball, 2 Ill. App. 71.

From the above authorities the doctrine is clearly maintained that the statute of limitations commences running whenever a suit could have been brought and maintained, and the statute of limitations need not be specially pleaded in this case.   Thompson v. Reed, 48 Ill. 119.

The statute of limitations begins to run when the cause of action accrues.   And where money is collected by an agent the money is due the principal when collected.   No demand

Bartlett v. Wright.

for it is necessary, and the statute begins to run from the time the money is received. Means v. Jenkins, 18 Ill. App. 41; Cagwin v. Ball, 2 Id. 70; Campbell's Adm'r v. Boggs, 48 Pa. St. 524; Downey v. Girard, 24 Pa. St. 53; King v. Bennett, 16 Ill. 290; Shelburne v. Robinson, 3 Gilm. 597; Niemeyer v. Brooks, 44 Ill. 77; Angell on Lim. 93.

So, too, where one partner received the whole sum for the agreed price for a single transaction, the work being completed, the right of action against him by the other partner for his share accrues, and the statute begins to run when the money is received. Hamilton v. Hamilton's Ex'rs, 18 Pa. St. 20; S. C., 55 Am. Dec. 585, *note; Bispham v. Price, 15 How. 179.

So, also, on a promise to pay in an indefinite time, or on a contingency under the control of the promisor, the statute begins to run immediately. McDowell v. Goodwyn, 12 Am. Dec. 685.

So, too, a note or certificate of deposit, payable on demand, is payable at once, and the statute begins to run at the date of the instrument. No demand is necessary. Armstrong v. Caldwell, 1 Scam. 546; Hunt v. Divine, 37 Ill. 144; H. & St. J. R. Co. v. Crane, 102 Ill. 259; Wenman v. Mohawk Ins. Co., 28 Am. Dec. 464; Wheeler v. Warren, 47 N. Y. 519; Palmer v. Palmer, 36 Mich. 487; Brummagin v. Tallant, 29 Cal. 503.

And, generally, money payable on demand, or at no stated time, may be recovered without first making demand. Cobb v. Arnold, 8 Metc. 405; Niemeyer v. Brooks, 44 Ill. 77.

For money had and received it is not necessary to make a demand before bringing suit. Hunt v. Nevins, 15 Pick. 500.

So, also, where money is paid by mistake, the statute begins to run from time of payment. Bank v. David, 12 Pet. 32.

Mr. WILLIAM McFADDON, for appellee.

The presumptions of law are all to the effect that the money in the hands of the husband was still the money of the wife. Patten v. Patten, 75 Ill. 451; Tomlinson v. Matthews, 98 Ill. 181; Bergey's Appeal, 60 Pa. St. 408; Hamill's Appeal, 88 Pa. St. 367; Marsh v. Crilly, 22 Ill. App. 543.

The presumption of law upon the facts in this record, is that the husband (Robert Wright) had received his wife's money to take care of for her and for her use.   Bergey's Appeal, 60 Pa. St. 45; Hamill's Appeal, 88 Pa. St. 367; Rusling v. Rusling, 42 N. J. Eq. 575; Hileman v. Hileman, 85 Ind. 1; Patten v. Patten, 75 Ill. 451; Tomlinson v. Matthews, 98 Ill. 181.

The law having created a separate property for the wife, and in recognition of what is natural under the marriage relation, having anticipated and allowed for its management by the husband, does not require or expect of a woman the same exact mode of dealing with the husband, as a condition of preserving her title to her separate property in the hands of her husband, which the law expects of third persons and strangers dealing with each other.   Carpenter v. Davis, 72 Ill. 18; McLaren v. Hall, 26 Iowa, 305; 2 Bish. on Married Women, Sec. 397.

The law does not require of a married woman as a condition of protecting her rights, that she should deal with her husband in such manner as to destroy the harmony of the marriage relation, but expects of her only such acts as are consistent with the harmony of that relation.   Carpenter v. Davis, 72 Ill. 18.

In the line of the principle last mentioned, we say that statutes of limitations do not apply to the relation of husband and wife as they do between third parties, strangers to each other, unless expressly so providing.   Yeomans v. Petty, Adm'r, 40 N. J. Eq. 498; Rusling v. Rusling, 42 N. J. Eq. 595; Barnett v. Harschbarger, 105 Ind. 410; Angell on Lim. 60.

The presumptions of law on the evidence in this case being that the husband held the wife's property for her use, as above seen, and there being no evidence of any terms of holding, the next presumption which the law would indulge, would be that the same was held by him subject to her order or to be turned over to her on demand.   Girard Bank v. Bank Penn Tp., 39 Pa. St. 98; Edwards on Bail., 2d Ed., Secs. 10, 40; Evans' Pothier on Contracts, 2d Vol., p. 126; Story on Bail., Sec. 41; Jones on Bail., Secs. 36, 117; Bouvier's Law Dic., " Deposit."

The husband would be presumed to hold her money as a bailee for custody—a depositary, in other words, and under that class of bailments and its laws. Bouvier's Law Dict., title " Deposit;" Edwards on Bail., 2d Ed., Secs. 10, 40: Boughton v. Flint, 74 N. Y. 482; Payne v. Gardner, 29 N. Y. 197.

In the absence of any proof of the duration of the continuance of such bailment, it will be held to be indefinite and continuing. Schroeder v. Johns, 27 Cal. 281; Rusling v. Rusling, 42 N. J. Eq., 595; Baker v. Joseph, 16 Cal. 173; Finkborne's Appeal, 86 Pa. St. 369.

Such being the legal relationship of parties, the statutes of limitation never commenced to run against appellee's claim during the lifetime of Robert Wright, unless demand were made upon him for its payment and he refused to pay, or unless he in some other way disowned his trust relationship, and of this there is no proof. Boughton v. Flint, 74 N. Y. 482; Edwards on Bail., Sec. 40; Schroeder v. Johns, 27 Cal. 281; Rusling v. Rusling, 42 N. J. Eq. 595.

Ordinary statutes of limitations do not apply and are not applicable between depositor and depositary or bailor and bailee for custody. Smith v. Bell, 107 Pa. St. 360; Finkborne's Appeal, 86 Pa. St. 369; Edwards on Bail., Sec. 40.

Where there is a holding of money by a husband such as here, indefinite as to time, it will be supposed that a continuing relationship of promisor and promisee is contemplated by the parties, and the statute of limitations never ran against appellee's claim in the lifetime of Robert Wright without a demand on him for the return of the money in question, and of this there is no proof. Girard Bank v. Penn Tp., 39 Pa. St. 102; Rusling v. Rusling, 42 N. J. Eq. 595; Baker v. Joseph, 16 Cal. 173.

CONGER, J. This action arises out of a claim filed in the County Court of Adams county by appellee, Virginia Wright, against the estate of her deceased husband, Robert Wright, for the sum of $1,200 ($700 as principal and $500 interest thereon).

Trial was had in said court, and the claim allowed to the amount of $1,240, from which judgment King Kerley, who

claimed to be interested in the estate, took an appeal to the Circuit Court, when the claim was allowed to the amount of $885.05, from which judgment King Kerley prosecutes an appeal to this court.

The facts out of which the claim arises are that in 1872 the claimant, Virginia Wright, together with her husband, Robert Wright, sold and conveyed a tract of land which she had inherited from her father for the sum of $775. The evidence tends to show that Robert Wright at the time received this money and afterward used it in paying for a tract of land he had bought, and the title to which was in his name. Mrs. Wright not being a witness, the evidence showing the receipt and use of the money by Robert Wright consisted of his admissions, and were, we think, sufficient to authorize the jury in finding that he did, in March, 1872, receive and have in his hands the money of his wife to the amount of $775, but in what capacity or for what purpose he was to hold it, does not appear.

Robert Wright died in August, 1883, and appellee filed her claim against his estate on the 30th day of June, 1885. It is insisted by appellant that the claim is barred by the statute of limitations, and this is the principal question presented by the record.

The theory of counsel for appellant is stated as follows in their brief: "When money is obtained as this is alleged to have been, it would be due when obtained, and suit could have been brought to recover the same at any time after it had been so obtained, or at farthest within a reasonable time thereafter, and that, too, without any demand being made for the same. When money has been so obtained and there is no agreement as to when it shall be repaid, and no time fixed for its repayment, it becomes and is due immediately, or at farthest within a reasonable time thereafter. The evidence fails to show that any time was fixed or agreed on between claimant, Virginia Wright, and her husband, as to when the same should be repaid, nor does the evidence show that any conditions precedent were to be performed before the money was to be paid; and this being so, we insist that the law makes it due

and payable when received, or at farthest within a reasonable time thereafter. The case of Robinson v. Robinson, 3 Gilm. 697, before referred to, fully maintains this theory of this action as we understand the law. Also Sec. 95 of Angell on Limitations, on page 93, says : 'It has been held invariably, that if a promissory note is made payable in money on demand, the statute commences running from the date of the note, and that no special demand is necessary.' In Parsons on Contracts, at page 371, the author says : 'But a note payable on demand is due always, and the statute begins to run as soon as the note is made. So it is with the receipt of money borrowed whereby the borrower agrees to pay " when called upon to do so." The statute begins to run whenever the creditor or plaintiff could bring his action, and not when he knew he could.' "

It is apparent that appellant proceeds upon the theory that there is no difference recognized by the law between the dealings of husband and wife as to themselves and the dealings of either with third parties.

We are inclined to think there is an important distinction to be kept in view, which makes many of the authorities referred to by appellant of little use in arriving at a correct conclusion. As a general rule it is true, when one obtains the money of another without any agreement as to repayment, the law will imply a promise to repay either at once upon its receipt or within a reasonable time thereafter, and the statute would begin to run so soon as such promise of payment could be implied.

One exception, however, to this general rule, is a case of deposit, when the depositary holds property in trust subject to the owner's order, upon which the statute would not begin to run until a demand and refusal to pay, or some equivalent act.

There being no direct evidence to show the terms on which Mr. Wright received the money of his wife, we think the inference is warranted that he received and was to hold it for her use and benefit; that Mrs. Wright did what most wives who have confidence in their husbands would do, allowed him

to retain and make use of it without expecting to receive interest thereon, or to pay him anything for managing it, but retaining the right of requiring it to be returned whenever she desired. If this inference is a correct one, then it follows that Mr. Wright's possession of the money was lawful, and he would be under no legal obligations to return it until his wife desired it, and made such desire known by a demand or something equivalent thereto. His possession would be similar to that of any other depositary holding money or property of another, subject to the owner's orders. In Evans' Pothier on Contracts, 2d Vol., p. 126, it is said:

"When a man deposits money in the hands of another to be kept for his use, the possession of the custodian ought to be deemed the possession of the owner until an application and refusal, or other denial of the right; for until then there is nothing adverse, and I conceive that upon principle no action should be allowed in these cases without a previous demand—consequently that no limitation should be computed back of such demand."

The money was received by Mr. Wright either as a gift, a loan, or as agent or depositary of his wife to be held for her use and benefit. And there being no positive evidence from which to determine the character of the transaction, it seems to us that the most natural and reasonable inference to be drawn is the one we have indicated; such an inference is much more in accordance with the usual relations of mutual trust and confidence existing between husband and wife, than any other.

It can not be presumed to be a gift to the husband, for if he claims it to be such, the burden of proof is upon him to establish his claim. Patten v. Patten, 75 Ill. 446. "His receipt of proceeds and income with her consent, will be presumptively in the character of agent." *Ibid.*

The presumption accords with that spirit of peace and harmony which should exist in the marital relation. Were it presumed to be a loan, and the statutes of limitation held to apply as in other cases of loans, she would have to watch the lapse of time and either sue, or procure a new promise from her husband as with strangers.

Bartlett v. Wright.

As said by the court in Barnett v. Harsberger, 105 Ind. 410, "It needs no argument to prove that evil will result from a rule that requires the wife to watch lest the statute of limitations bar her rights, and she be answered when she asserts her claims after her husband's death, that as she did not sue him within the statutory time she must lose the money intrusted to him. It is not for the good of the world that a wife should be compelled to distrust her husband and deal with him as she would a stranger, in order that she may not have her rights swept away by the lapse of time." Hamill's Appeal, 88 Pa. St. 377; Bergey's Appeal, 60 Pa. St. 415; Rusling v. Rusling 42 N. J. Eq. 595.

We are of opinion that the claim of appellee was not barred by the statute of limitations.

It is objected that the verdict exceeded the amount of the claim filed. We do not concur in this objection; the total amount of the claim filed was $1,200, and it is a matter of no consequence that some of the items as shown by the evidence are larger than specified in the account filed, so long as the amount of the verdict is less than the whole claim as filed.

Neither did the court err in overruling the petition for change of venue, nor do we find any substantial error in the instructions. Some of these are not accurate, but they give the law upon the question of the statute of limitations fairly, and in accordance with the views we have endeavored to present, and taking them all together, we think the appellant has no good cause to complain.

Believing that substantial justice has been done, the judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*