### Stephan Knecht v. Friedericke Boshold.

### Gen. No. 13,595.

1. NEGOTIABLE INSTRUMENTS—*what constitutes demand note.* A note payable at an indefinite time is a demand note. A formal demand is not essential to enforcement of payment.

2. STATUTE OF LIMITATIONS—*when begins to run against demand note.* A note running for an indefinite time is in law a demand note, and is payable when the promise is made, irrespective of actual demand of payment, and against such a note the Statute of Limitations starts to run concurrently with the making of the promise.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the March term, 1907. Reversed. Opinion filed January 27, 1908.

MATTHEW J. HUSS, for appellant.

C. A. WILLIAMS, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This action is based upon the following written instrument:

"KREUZLINGON, September 10, 1887.

I herewith admit to have received of my sister Fredericks Knecht as a loan 400 marks (four hundred

marks) and promise to pay back with interest at 4% at an (after) indefinite time.

STEPHAN KNECHT."

The cause was first tried before a Cook county justice of the peace, resulting in a judgment of $100 against appellant, who appealed to the Circuit Court, where the case was tried before the court without a jury. The Circuit Court found the issues in favor of appellee and entered judgment against appellant for $100. Exceptions were preserved to the court's finding and judgment, and the record is before us for final review.

Appellant tendered twelve propositions of law, of which, without setting them out, it is sufficient to say that eight of them in varying forms hold that the Statute of Limitations bars the action. These the court refused to hold as law governing the case, and marked them "refused." The fourth and tenth propositions, he held, stated principles of law applicable and marked them "held", as directed by statute.

The fourth proposition is as follows: "The court holds as a proposition of law that a note payable 'after an indefinite time' is in contemplation of law a note payable on demand."

The tenth proposition has no application as affecting the conclusions to which we have arrived, and therefore will not be noticed.

Appellee admits in argument that the instrument sued upon is one payable on demand, and cites White v. Smith, 77 Ill. 351, in support of such admission. Under this admission it but remains for us to decide when the Statute of Limitations commenced, if at all, to run against the instrument sued on.

Section 16, chapter 83 R. S. contains the limitation which governs this case. It is "all actions on notes, written contracts or other evidences of indebtedness in writing shall be commenced within ten years next after the cause of action accrued."

It being admitted that the instrument sued upon is

payable on demand, it is pertinent to inquire when a cause of action accrued thereon to appellee. She claims not until after a demand, and that the commencement of the suit is such demand. On the contrary appellant contends that money payable on demand is due when the promise to pay is made; or, in other words, that a demand for payment is not a necessary prerequisite to maintaining an action. For it follows, by parity of reasoning, that if a demand is essential, then, until it is made, the debt is not due, unless it may be conceded that the commencement of a suit fulfills the function of a demand, so that the debt would be due, in law, only from the time the suit to enforce its payment was started.

The current of authority is uniform that a debt payable in money upon demand becomes due simultaneously with the making of the promise to pay, and that no actual demand for payment is needed. Bishop on Contracts, secs. 1354 and 1437.

Parsons in his work on Contracts, vol. 3, p. 99, announces the rule thus: "But a note payable on demand is due always, and the statute begins to run as soon as the note is made. * * * The statute begins to run whenever the plaintiff or creditor could bring his action."

"Notes payable on demand become due and payable from their date, and consequently the statute runs from their date." Wood on Limitations, 320.

"It has been held invariably that if a promissory note is made payable on demand the statute commences running from the date of the note, and no special demand is necessary." Angel on Limitations, sec. 95.

This court held in Gormley v. Hartrey, 105 Ill. App. 629, that neither demand nor proof of a demand was necessary in an action upon a note payable on demand, and that on the contrary the duty to make a demand upon the holder and pay his note rested upon the maker. That a demand in such case only became necessary when it was desired to fix the liability of

Knecht v. Boshold.

an indorser or a surety. Hunt v. Divine, 37 Ill. 137.

The only exception to this general and uniform rule is where a demand note is given in extension of a credit already existing. The purpose of this exception is evidently to enable the maker to avoid an unexpected suit for the credit he has been lulled into a reasonable expectation of having extended, without first being afforded an opportunity to pay it. In one case the relation of husband and wife existed between the parties, and it was obvious that failure to make a demand was for the purpose of, and in fact resulted in, one party obtaining an unfair advantage over the other. In another case the demand was given for a past due premium on a life insurance policy, and without demanding payment of the note, the insurance company forfeited the policy. This action of the company, if sanctioned by the law, would have resulted in the perpetration of a gross injustice upon those beneficially interested in the policy, as the company not only refused to accept payment of the demand note, but of subsequent accruing premiums, insisting that the policy was forfeited. Bartlett v. Wright, 29 Ill. App. 339; Pulling v. Travellers Insurance Co., 55 ibid. 452.

No distinguishing feature in either of these cases is found in the case at bar.

Counsel for appellee asserts, with some apparent degree of confidence, inferable primarily from the fact of his omitting any argument in support of the contention, that Waldron, Adm'x v. Alexander, 35 Ill. App. 319, is decisive in favor of appellee. In this contention we are unable to concur. The appellee in the Waldron case was the servant of the intestate, continuously in his employ for more than eighteen years. The employer was, during all this time, the banker of the servant and kept her wages, from which, by agreement, she drew such sums from time to time as she needed or desired. The claim filed against the estate was for the balance due. Clearly, this is in no

way analogous to the claim of appellee upon the instrument sued upon, admittedly payable upon demand. It was due simultaneously with its delivery. At the time of the institution of suit hereon, its collection was barred by that section of our Statute of Limitations first recited.

As appellee had no subsisting cause of action at the time of commencing this suit, the judgment of the Circuit Court is reversed without remanding.

*Reversed.*