## L. S. Penniman et al., Appellees, v. H. Pinke et al., Appellants.

### Gen. No. 5,686.

1. MECHANICS' LIENS—*when case may be remanded with directions to refer to master.* Where mechanics' lien proceedings were not referred to a master, and to ascertain the correctness of the final decree the appellate court must state practically a book account between the parties and pass upon a mass of details and items, the decree will be remanded with directions that the case be sent to a master to state and report the account.

2. COSTS—*when charged one-half to each party.* On appeal in mechanics' lien proceedings, one-half the costs may be charged against each party where each is at fault for failure to ask for a reference to a master.

3. APPEALS AND ERRORS—*when record may be withdrawn to use the evidence before a master.* Where a decree is reversed and the

cause remanded with directions to refer to a master because the appellate court must, to ascertain the correctness of the decree, pass upon a mass of details, the appellants may upon agreement between the parties withdraw the record to use the evidence therein before the master.

Mechanic's lien. Appeal from the Circuit Court of Winnebago county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in this court at the April term, 1912. Reversed and remanded with directions. Opinion filed October 15, 1912.

A. D. EARLY, for appellants.

FRED H. SMITH and CHARLES W. FERGUSON, for appellees.

MR. JUSTICE WILLIS delivered the opinion of the court.

This is a bill for a mechanic's lien, for the erection of a certain building, resulting in a decree in favor of the contractors for $732.30. The assignment of error and the argument involve a large mass of details. It is disputed whether or not many different details of the contract were performed; whether or not many extras were authorized, and what they cost.

In order to ascertain whether this decree is right, we must state practically a book account between the owner and the builder, and pass upon a mass of details and items. In our opinion, this detail work should not have been performed by the chancellor, and a review of the mass of evidence therefore cannot be cast upon this court in this way. The court should have sent the case to a master, with directions to take and report the evidence, and to state and report an account between the parties and then upon objection and exception, particular items would be open to investigation, and we would not be required to examine the face of the whole account.

In Patten v. Patten, 75 Ill. 446, it is held that a complex and intricate account is an unfit subject for examination in court, and ought always to be referred

to a master, to be examined by him and reported, in order to a final decree. Where that is done specific exception can be taken, which may be reviewed in court. In French v. Gibbs, 105 Ill. 523 it is said, quoting Moss v. McCall, 75 Ill. 190: ''Where accounts involve large sums of money, and the testimony as to the rights of the parties is conflicting and unsatisfactory, in conformity with the rules of chancery practice the cause must be referred to a master to render a concise and accurate statement of the accounts, so that the same may be readily comprehended, and any objection taken passed upon understandingly. This is the well recognized and established practice in all cases of a complicated character, and should have been adopted in this case.'' In Daly v. St. Patrick's Catholic Church, 97 Ill. 19, it is said: ''It cannot be expected, nor can it be required of us, to take this vast amount of evidence and state an account between the parties. It is impracticable, even if time would permit. A reference should have been made to a master to state an account. We have repeatedly held that we will not in such cases perform that labor, if permitted by the rules of practice. We will, in such cases, reverse and remand the cause, that an account may be stated by the master.'' Each party is at fault. Each party ought to have asked a reference. We, therefore, reverse and remand the cause, and charge one-half of the costs of this court against the owner H. Pinko, and one-half of the costs against the two contractors, Penniman and McKenzie, and remand the cause to the court below to send the same to the master, with directions to take and report the evidence, and to state and report an account between the parties.

If appellants desire to withdraw the record from this court upon an agreement between the parties to use the evidence already therein, before the master, that may be done.

*Reversed and remanded with directions.*