# DECISIONS OF APPELLATE COURTS ORDERED PUBLISHED IN ABSTRACT FORM.

## FIRST DISTRICT.

**Maria P. Barnes, appellant, v. Mary C. Barnes et al., appellees.**
Gen. No. 21,926.

[On February 17, 1917, an opinion was filed in this case which was abstracted in 202 Ill. App. 289. This opinion was afterwards modified, but too late for publication. Inasmuch as it is claimed that the last paragraph of the statement of facts of the case as abstracted in 202 Ill. App., which was based on the original opinion, does an injustice to the memory of Erastus A. Barnes, the modified opinion of the court is herewith published in full.—Reporter.]

Mr. Justice McDonald delivered the opinion of the court.

Appellant (complainant below) filed a bill for an accounting against appellee (defendant below), who was the administratrix of the estate of Erastus A. Barnes, her deceased husband, brother of the complainant, for certain moneys and securities claimed to have been intrusted by complainant to him for investment and safekeeping. After the issues were formed, the cause was referred to a master in chancery for hearing, with directions to state his conclusions of law and fact. At the close of complainant's testimony before the master, defendant moved the court to dismiss complainant's bill for want of equity, which motion was also referred to the master. In his report based solely on the complainant's testimony, the master recommended to the court that defendant be required to account to the complainant in accordance with the prayer of her bill; pursuant to which the court overruled defendant's motion to dismiss the bill. By stipulation of the parties, all further proceedings were had before the court, at the conclusion of which the court dismissed the complainant's bill for want of equity. This appeal brings up for review the final order of dismissal.

From an examination of the pleadings and the character and extent of the testimony heard before the court, it appears that the cause proceeded to a full hearing both on the preliminary question involving complainant's right to an accounting and on the accounting between the parties as well. Under well-settled principles of chancery practice, in certain cases the court should, in the first instance, hear only such evidence as is necessary to determine whether or not an accounting should be had. But there are well-recognized exceptions to that rule, as stated in Henderson's Chancery Practice, sec. 293: "Where items are numerous, the testimony questionable, the account complicated, the superior advantage of a general reference, with directions to the master to state specially such matters as either party may require, or which he may deem necessary, will readily be perceived." The record discloses that this is a case of that character and therefore the matter was properly referred to the master in the

(638)

first instance with directions to report his conclusions both of law and fact which, if he found there should be an accounting, required him to state the account.

The hearing evidently did not proceed before the court on the theory of a preliminary hearing, for the court heard testimony on items of account. Had the case proceeded before the master, so that specific objections and exceptions taken to the master's report might have been presented for review, we should not now be called upon to examine the voluminous record before us, covering some ten thousand pages, and thereby assume a burden that should have been imposed upon the master.

In *Penniman v. Pinke*, 175 Ill. App. 284, the court in passing upon a like situation held, p. 285:

"In order to ascertain whether this decree is right, we must state practically a book account between the owner and the builder, and pass upon a mass of details and items. In our opinion, this detail work should not have been performed by the chancellor, and a review of the mass of evidence therefore cannot be cast upon this court in this way. The court should have sent the case to a master, with directions to take and report the evidence, and to state and report an account between the parties and then upon objection and exception, particular items would be open to investigation, and we would not be required to examine the face of the whole account."

To the same effect are: *Patten v. Patten*, 75 Ill. 446; *French v. Gibbs*, 105 Ill. 523; *Daly v. St. Patrick's Catholic Church*, 97 Ill. 19. Nor can this be done by stipulation of the parties or otherwise. *Moss v. McCall*, 75 Ill. 190, and cases there cited.

But appellee argues that complainant, in seeking to avail herself of certain alleged forgeries, did not come into equity with clean hands, and hence the court properly dismissed the bill for want of equity on that ground alone.

We have no way of determining upon what particular ground the bill was dismissed; but, assuming that the court was justified in finding that proof to establish certain items consisted, as alleged, of forged documents, still appellee's point is not well taken.

Where a cause of action has its *origin* in iniquity, a court of chancery will not lend its aid to a complaining party, because "He who comes into equity must come with clean hands." But where the iniquity does not go to the right of action itself but affects only the proof of certain items incidentally connected therewith, the rule cannot be extended to preclude the complaining party from obtaining the relief sought as to other items which the evidence clearly shows to be untainted with such iniquity. *Goodwin v. Hunt*, 3 Yerg. (Tenn.) 124; *Shaver v. Heller & Merz Co.*, 48 C. C. A. (U. S.) 48, 108 Fed. 821; *Mossler v. Jacobs*, 66 Ill. App. 571; *John Anisfield Co. v. Edward B. Grossman & Co.*, 98 Ill. App. 180; *Cohn v. Pitzele*, 117 Ill. App. 342, affirmed 217 Ill. 30; *City of Chicago v. Stock Yards Co.*, 164 Ill. 224.

In this view of the case it becomes necessary to reverse the decree and remand the cause, with directions to re-refer the same to a master to resume the hearing where the court erroneously took it up.

If, in the interest of economy it is desired to withdraw the record filed in this court to use the evidence therein contained in the hearing to be had before the master, the parties may do so.

Inasmuch as the hearing proceeded before the chancellor by stipulation of the parties, the costs of this appeal will be taxed one-half to the complainant and one-half to the defendant, as administratrix, etc., the latter to be paid in due course of administration.

The decree of the circuit court will be reversed and the cause

remanded for further proceedings not inconsistent with the views herein above expressed.

*Reversed and remanded with directions.*