164    APPELLATE COURTS OF ILLINOIS.

Edwards v. German-American Trust & Sav. Bk., 215 Ill. App. 164.

In re Estate of Abraham F. Doremus, Deceased.
Isabelle Edwards, Administratrix de bonis non of the
Estate of Abraham F. Doremus, Deceased, Appel-
lee, v. German-American Trust & Savings Bank,
Special Administrator of the Estate of Addie
Moulton, Deceased, Appellant.

Gen. No. 25,067.

1. LIMITATION OF ACTIONS, § 23*—*when indorsement does not
take note out of operation of statute.* A note which had under its
terms been barred by the statute of limitations was not taken out
of the operation of the statute by an indorsement that in case of
the death of the maker it was to become payable on demand.

2. BILLS AND NOTES, § 313*—*when demand note without interest
is due and payable.* A demand note without interest became due
and payable immediately upon its execution, and suit might have
been brought thereon without any demand.

3. LIMITATION OF ACTIONS, § 23*—*when indorsement does not
take demand note out of operation of statute.* A demand note with-
out interest which had become barred by the statute of limitations
was not taken out of the operation of the statute by an indorse-
ment stating "in case of my sudden death please pay this note on
demand."

4. BILLS AND NOTES, § 313*—*when agreement to pay interest does
not change time when demand note is due.* An agreement to pay
interest in and of itself is not sufficient to take the obligation out
of the operation of the general rule providing that when promissory
notes are payable on demand they become due on their date and
that an action may be begun thereon without demand for payment.

Appeal from the Circuit Court of Cook county; the Hon. JOHN
P. McGOORTY, Judge, presiding. Heard in this court at the March
term, 1919. Affirmed. Opinion filed October 27, 1919.

KING, BROWER & HURLBUT, for appellant.

MARTIN & MARTIN and JAMES W. HYDE, for appellee.

MR. JUSTICE DEVER delivered the opinion of the
court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

Edwards v. German-American Trust & Sav. Bk., 215 Ill. App. 164.

This is an appeal from a judgment of the Circuit Court of Cook county disallowing a claim of the administrator of the estate of Addie Moulton, deceased, against the administrator of the estate of Abraham F. Doremus, deceased, for $7,860.46.

The case came to the Circuit Court on appeal from the Probate Court of Cook county. Appellant, who was the plaintiff below, filed a claim against appellee based upon six promissory notes signed by A. F. Doremus and made payable to Addie Moulton. The first of these notes was dated March 17, 1887, and was for the payment of $300 one year after date; the other five were payable on demand and were for the sum of $500 each and were dated as follows: June 10, 1890, October 10, 1890, May 21, 1891, November 25, 1893 and January 24, 1890. The notes dated June 10, 1890, May 21, 1891 and January 24, 1890, bore interest at the rate of six per cent per annum. The note dated March 17, 1887, for $300, bore the following indorsement: "In case of the death of A. F. Doremus this note is payable on demand." The note of May 21, 1891, for $500, bore the indorsement: "In case of my sudden death please pay this note on demand."

The claimant also sought to recover on a check for $652.20, dated May 10, 1897. The defense made on the trial was that the statute of limitations had run against each of the six notes and the check.

The questions presented to this court, as stated in the briefs of counsel for appellee, are:

"*First:* When does the statute of limitations begin to run against a note payable on demand without interest?

"*Second:* When does the statute of limitations begin to run against a note payable on demand, which contains a provision as to interest?

"*Third:* What effect does the law give to indorsements made on notes as to modifying or changing the terms thereof as contained in the body of said notes?"

Section 16, chapter 83, Illinois Statutes (J. & A.

¶ 7211), provides that all "actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing, shall be commenced within 10 years next after the cause of action accrued."

Three of the notes in question were made payable with interest; two of the notes, as also the check, did not provide for interest payments and five of the notes, as stated, were payable on demand. There can be but small doubt that the statute of limitations had run at the time the action was brought on the note of March 17, 1887, for $300; this note was due one year after date. The right of action accrued upon the note when it became due. While this note bore an indorsement that in case of the death of A. F. Doremus the note was to become payable on demand, we are unable to see how this indorsement could materially affect the operation of the statute. It would not be an unreasonable interpretation of this indorsement to hold that the maker attempted to make the note a demand note in the event of his death within one year from the date of the note. The language of the indorsement is not ambiguous and it could in no reasonable interpretation have the effect of extending the time of payment of the note indefinitely. Nor do we think the indorsement on the note of May 21, 1891, for $500, materially affected the rights or liabilities of the parties under the note. This note on its face was payable on demand and the indorsement, if it can be given any effect at all, should be held to be a mere direction for the payment of the note in the event of the sudden death of the maker.

When does the statute of limitations begin to run against a note payable on demand? It is assumed by counsel that the Supreme Court of this State has never passed upon this question and we have been unable to find any decision of that court directly bearing thereon. Where nothing appears upon the face of

a note payable on demand or by way of indorsement thereon tending to show a contrary intention, such demand note becomes due and payable immediately upon its execution and suit may be brought thereon without any demand. *Slingo v. Steele-Wedeles Co.*, 82 Ill. App. 139; *Pulling v. Travelers' Ins. Co.*, 55 Ill. App. 452; *Hall v. Jones*, 32 Ill. 38; *Knecht v. Boshold*, 138 Ill. App. 430.

With reference then to the notes dated March 17, 1887, June 10, 1890, November 25, 1893, and the check dated May 10, 1897, notwithstanding certain indorsements on two of the notes, there cannot be much doubt about the correctness of the judgment of the trial court.

Concerning the notes dated June 10, 1890, May 21, 1891 and January 24, 1890, which were payable with interest at six per cent per annum, a more difficult question is presented. The evidence does not disclose that any demand was ever made for the payment of these notes, and the question before us is whether the running of the statute of limitations as to these three notes was postponed until the filing of the claim in the Probate Court.

The case of *Luther v. Crawford*, 116 Ill. App. 351, does not deal with the question, as asserted by counsel. In that case the court had before it an instrument which it held to be a promissory note payable on demand; the instrument did not provide for the payment of interest.

In the case of *Barough v. White*, 4 B. & C. 325, Lord Littledale, concerning a demand note payable with interest, said:

"Neither do I think that the note was overdue, it seems to me that it was intended to be a continuing security, and that we could not treat it as overdue without evidence of payment having been demanded and refused."

In the case of *Wheeler v. Warner*, 47 N. Y. 519, it

168    APPELLATE COURTS OF ILLINOIS.

Edwards v. German-American Trust & Sav. Bk., 215 Ill. App. 164.

was held that a promissory note payable on demand with interest became due forthwith and that the statute of limitations began to run from the date of the note. Justice Peckham in deciding the case said:

"There is no divided opinion here or in England that upon such a note, with or without interest, an action may be maintained against the maker without any demand because it is due. No demand can be sued before due; no action will lie upon any claim of any description arising upon contract before it is due. To say that the suit is the demand is to repeat an unmeaning phrase as thus used, which no number of repetitions can make sensible. A demand note is due forthwith, and hence may be sued without demand, nor until this decision of *Merritt v. Todd* [23 N. Y. 28] has there been any difference of opinion as to the time when such a note is barred by the statute. But that decision does not settle this qustion.

\*    \*    \*    \*    \*    \*    \*

"In *Herrick v. Woolverton* (41 N. Y. 581), originally tried before me, and reversed by my brethren of the Supreme Court, this point was discussed, and all the judges who delivered opinions agreed that a note like this is due forthwith, so far as regards the statute."

In *Scovil v. Scovil*, 45 Barb. (N. Y.) 517, it was held that where a note is payable on demand with annual interest, a presumption arises that "the parties intended that the note should not be immediately due," etc. The *Scovil* case was decided by the Supreme Court of New York in 1865 and in view of the decision in the *Wheeler v. Warner* case, *supra*, by the New York Court of Appeals in 1872, cannot be considered as authority in the State of New York on the question.

In the case of *Merritt v. Todd*, referred to in the decision of *Wheeler v. Warner*, *supra*, the court was called upon to determine the liability of an indorser of a note, and the New York Court of Appeals in the *Wheeler* case refused to extend the principle beyond that laid down in the *Merritt v. Todd* case. Our at-

tention has not been called to nor have we been able to find other cases which directly deal with the point in question. While certain English cases do make a distinction, not involving the application of limitation of actions statutes, between demand notes payable with interest from those payable without interest, we are inclined to agree with the later decision of the New York Court of Appeals which holds that a demand note payable with interest becomes due and payable forthwith; that an action may be based thereon without demand and that the statute of limitations begins to run against the debts secured thereby from the date of the note.

Cases cited by counsel for appellant do not when examined aid greatly in determining the point.

In *Ade v. Ade*, 181 Ill. App. 577, it was held that a certain ambiguous instrument was a promissory note for the payment of interest on a principal sum, and the Appellate Court held that in that it appeared on the face of the instrument that it did not become due until after the death of one of the makers thereof, the statute of limitations did not begin to run until that time.

In *Ferry v. Ferry,* 2 Cush. (Mass.) 92, it was held that interest which became due upon a promissory note was a mere incident to the principal obligation, and that where it appeared that a statutory 20-year limitation period had elapsed since certain interest instalments became due, such interest indebtedness was not barred by the statute; that the interest stipulated to be paid on the note was a mere incident to the principal debt and was recoverable with it.

While our attention has been directed to certain cases which hold that where demand obligations are payable with interest, this fact indicates an intention that such obligations were not to become due forthwith, we are of the opinion that the agreement to pay interest in and of itself is not sufficient to take such

obligations out of the operation of the general rule that provides that when promissory notes are payable on demand they become due on their date and that an action may be begun thereon without demand for payment. We believe this holding is in consonance with sound public policy; that it is in harmony with the later decisions of the New York courts of review and that it makes for uniformity of the law of commercial paper.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*