Alvin Bernstein, Appellant, v. School Directors of District No. 10, Jasper County, Illinois, Appellees.

Opinion filed June 1, 1943.

OMER Poos, of Hillsboro, for appellant.

CRAIG & CRAIG, of Mattoon, for appellees.

Mr. Presiding Justice Culbertson delivered the opinion of the court.

This is an appeal from a judgment in bar of plaintiff's cause of action and against plaintiff for costs, rendered in the circuit court of Jasper county, Illinois, September 25, 1942, dismissing counts 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, and 12 of plaintiff's complaint. The judgment was entered in favor of School Directors of District No. 10, County of Jasper and State of Illinois, defendants appellees (hereinafter called defendants), and against Alvin Bernstein, plaintiff appellant (hereinafter called plaintiff).

The complaint, which was filed on October 21, 1941, consisted of 25 counts. The court, on a hearing, sustained a motion to dismiss the counts above enumerated. Each of said counts involved a school order which had been issued by the School Directors of defendant appellee. The first of said orders sued on, and which were made the subject of this motion, was dated January 16, 1930, and the other orders were issued on various dates up to and including an order which was issued on August 2, 1930. The orders sued on in counts 4, 5, 6 and 10 were for teacher's salary, and the orders sued on in counts 1, 2, 7, 8, 9, 11, and 12 were for pension fund, labor, fuel, insurance, clerk hire and board expense, painting roof, and fuel and janitor's supplies. All of said orders appear to have been presented to the treasurer of the School District for payment on January 30, 1933, and each of said orders bears the following indorsement: "Presented for payment 1/30/33, not paid for want of funds. (signed) Bessie Chapman, Treasurer." In all of said counts, interest is claimed on said orders from the dates same were presented for payment to the school treasurer.

To this complaint, on January 2, 1942, the defendants made a motion to dismiss the hereinbefore enumerated counts, and based the motion on the following

ground: ''The cause of action stated in each of said counts of the complaint did not accrue to plaintiff at any time within ten years next before the filing of the complaint therein, and that plaintiff's action is therefore barred by virtue of section 17, chapter 83, Ill. Rev. Stat. 1941 Edition [Jones Ill. Stats. Ann. 107.276].''

There are two issues presented to us for determination on this appeal: First: Whether the statute of limitations begins to run against a school order from the date of the order; and (Secondly) Whether an indorsement by the township treasurer, as required by statute, on a school order indicating that it has been presented for payment and is not paid for want of funds, is a promise to pay by the School Directors that will toll the statute of limitations in connection with a cause of action against the School Directors.

The school orders sued on in this case direct the township treasurer to pay a certain sum of money to a certain payee. No date is fixed for the payment of the orders. Nor could the orders lawfully be made payable at a future date (Ill. Rev. Stat. 1941, ch. 122, secs. 124, 125 [Jones Ill. Stats. Ann. 123.131, 123.132]; *Newell v. School Directors Dist. No. 1*, 68 Ill. 514; *Clark v. School Directors Dist. No. 1*, 78 Ill. 474).

The orders evidenced a debt that was due at the time the orders were issued, and that in no way changed the due date of the indebtedness. Since the school orders were not and could not be payable at a fixed date in the future, they were payable on demand (*Edwards v. German-American Trust & Savings Bank*, 215 Ill. App. 164, 165, 167; *Knecht v. Boshold*, 138 Ill. App. 430; *McConnaughy v. Gage*, 252 Ill. App. 17; Ill. Rev. Stat. 1941, ch. 98, sec. 27 [Jones Ill. Stats. Ann. 89.027]).

In the case of *Edwards v. German-American Trust & Savings Bank, supra,* the court specifically held that checks and notes, both interest bearing and noninterest

bearing, which state no date for payment, fell due on the date they were made. The statute of limitations begins to run against a cause of action on a demand instrument from the date of the execution of the instrument (Ill. Rev. Stat. 1941, ch. 83, sec. 17 [Jones Ill. Stats. Ann. 107.276]; *Edwards v. German-American Trust & Savings Bank, supra; Knecht v. Boshold, supra*).

The meaning of our statute of limitations is clear and admits of but one construction. The Ill. Rev. Stat. 1941, ch. 83, sec. 17 [Jones Ill. Stats. Ann. 107.276], provides,

"Actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing, shall be commenced within ten years next after the cause of action accrued; but if any payment or new promise to pay shall have been made, in writing, on any bond, note, bill, lease, contract or other written evidence of indebtedness, within or after the said period of ten years, then an action may be commenced thereon at any time within ten years after the time of such payment or promise to pay."

Plaintiff appellant contends that the statute of limitations is tolled, or does not begin to run against school orders, until a fund is created for their payment, or until the treasurer notifies the clerk that there are funds on hand to pay the orders. With this contention we find ourselves unable to agree, and we believe, and so hold, that a literal construction of our statute of limitations leads to but one conclusion, namely: That the ten-year statute of limitations is applicable to school orders and that the statute starts to run from the date of the orders. The law made available to the holders of the orders, on which payment was refused for lack of funds, a means to enforce payment of same (Ill. Rev. Stat. 1941, ch. 122, sec. 274 [Jones Ill. Stats. Ann. 123.343]).

Plaintiff appellant further argues that the statute of limitations has been tolled because: (1) The township treasurer is the agent of the School Directors; and (2) Because the treasurer, by indorsing on the orders in 1933 that they were presented for payment and not paid for want of funds, made what, in law, amounts to a new promise to pay by the School Directors. This indorsement by the township treasurer, we assume, was made responsive to sec. 81 of ch. 122 of the Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 123.084], which is as follows:

"The township treasurer shall pay out no funds of any school district except upon an order of the board of directors, signed by the president and clerk, or by a majority of the board. When an order issued for the wages of a teacher is presented to the treasurer and is not paid for want of funds, the treasurer shall endorse it over his signature, 'not paid for want of funds,' with the date of presentation, and shall make and keep a record of such endorsement. Such order shall thereafter bear interest at the rate of six per centum per annum, until the treasurer shall notify the clerk in writing that he has funds to pay such order, and the treasurer shall make and keep a record of such notices, and hold the funds necessary to pay such order until it is presented. Such order shall draw no interest after notice is given to the clerk."

The indorsement would, of course, not be binding in any event and require the payment of interest upon any school orders other than those issued for the wages of a teacher, as in said section provided.

This brings us to the all-important question, as to whether or not the school treasurer was the agent of the School Directors and acted in their behalf and bound them by the indorsement made on the orders for teacher's salary, and sued on in this case. Section 67 of chapter 122 of Ill. Rev. Stat. 1941 [Jones Ill.

Stats. Ann. 123.070] provides, among other things: "The Trustees of schools shall elect a treasurer, who shall be Ex Officio Clerk of the Board." It will thus be observed that the school treasurer is elected by the trustees of schools, and not by the School Directors, and a very careful examination of the statute does not disclose the School Directors having any power or authority over the school treasurer, nor does it disclose the school treasurer as being empowered in any particular to act as the agent of the School Directors. As we read the statute it seems to us that the school treasurer has the purely ministerial duty of paying out funds on order of the School Directors. He has no discretion in connection with, or control over, the issuance of school orders by the School Directors, nor any discretion as to what orders shall be paid or not paid, if funds are available. We fail to perceive any principal agency relationship between the School Directors and the treasurer, and it seems to us that by indorsing the orders for teacher's salary in accordance with the statute in effect, which says that the orders bear interest at 6 per cent until the clerk has been notified that the treasurer has funds with which to pay the orders, that the treasurer was being responsive to and performing a statutory duty enjoined upon him by the statute, and we cannot perceive how it could in any way be considered a promise to pay by the directors.

It is urged that the statute was tolled because the School Directors never denied the existence of the debt. We do not understand that the failure of the directors, if they did fail to deny the existence of the debt, would in any way be controlling in this case to toll the statute, for the reason that we believe that the only way the statute could have been tolled would have been by the making of a new promise to pay the debt by a person legally authorized to make said promise. No such

promise, in our judgment, appears to have been made.
The judgment of the court being correct, the same is hereby affirmed.

*Judgment affirmed.*